UNITED STATES, to Use of and for Benefit of FOSTER WHEELER CORPORATION v. AMERICAN SURETY CO. OF NEW YORK et al.

No. 7634.

District Court, E. D. New York.
Oct. 24, 1938.

Bigham, Englar, Jones & Houston, of New York City, for Atlantic Basin Iron Works.

Kamen & Osfertag, of New York City, for Foster Wheeler Corporation.

MOSCOWITZ, District Judge.

The question presented for consideration is the construction of the following portions of the Rules of Civil Procedure for the District Courts of the United States adopted by the Supreme Court of the United States pursuant to the Act of June 19, 1934, chapter 651, 28 U.S.C.A. §§ 723b, 723c:

"[Rule 7(b) (2).] The rules applicable to captions, signing, and other matters of form of pleadings apply to all motions and other papers provided for by these rules." 28 U.S.C.A. following section 723c.

"[Rule 11.] Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated." 28 U.S.C.A. following section 723c.

A motion has been made herein by Bigham, Englar, Jones & Houston, Esqs., attorneys for the defendant Atlantic Basin Iron Works, for certain relief. At the end of the relief requested there appears the following:

"Bigham, Englar, Jones & Houston,
"By W. J. Nunnally, Jr.
"A member of the firm
"Attorneys for Atlantic Basin Iron Works,
"Office & P. O. Address,
"99 John Street,
"New York, N. Y."

The name "W. J. Nunnally, Jr." is signed by him, the other quoted portions are typewritten. This is sufficient under Rules 7 and 11. Having signed his name as a member of the firm it is not necessary for Mr. Nunnally, Jr., to again sign his name to the motion papers.

The purpose of the signature of "at least one attorney of record in his individual name" is to hold the attorney of record who signs his individual name to strict accountability as is provided in Rule 11, 28 U.S.C.A. following section 723c, as follows:

"The signature of an attorney constitutes a certificate by him that he has read the pleading; that to the best of his knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a pleading is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the pleading had not been served. For a wilful violation of this rule an attorney may be subjected to appropriate disciplinary action. Similar action may be taken if scandalous or indecent matter is inserted."

The notice of motion complies with Rules 7 and 11. The Clerk of the Court has therefore been directed to file the same.