212

## DELLEFIELD v. BLOCKDEL REALTY CO., Inc.

District Court, S. D. New York.
April 17, 1941.

See, also, D.C., 1 F.R.D. 689.

Isidor Lazarus, of New York City, for plaintiff.

Theodore B. Richter, of New York City, for defendant.

KNOX, District Judge.

The defendant has moved to punish the plaintiff for contempt for failure to obey a subpoena issued to insure her appearance for the purpose of continuing her examination. In addition, defendant seeks an order directing her to return from her home in Chicago to this jurisdiction, to here submit to examination, and to direct her to answer certain questions.

Plaintiff has filed a cross-motion to vacate the subpoena and the ex parte order upon which it was based. Plaintiff also seeks an order pursuant to Federal Rules of Civil Procedure, rule 30(d), 28 U.S. C.A. following section 723c, to terminate the examination on the grounds that it is being conducted in bad faith, and for the purpose of annoyance.

Briefly stated, the facts are these: Plaintiff was examined during the summer of 1940, at which time many objections were made by plaintiff's attorney to particular questions. As to some of them, he instructed his client not to answer. Subsequently, it was stipulated on the record that defendant would withdraw the questions to which objection was made, except certain ones which were specified, and that plaintiff's attorney would withdraw his instructions as to those, and permit his client to answer them, reserving his objection for a Court ruling. It was agreed that plaintiff would sign and swear to the testimony thus far taken, and that the examination would be resumed for the purpose of asking such questions and any others having to do with the same subject matter, and also respecting any changes she might make in her written testimony. It was stipulated that the examination was to be resumed when plaintiff's counsel notified the defendant's attorney that she was available for examination.

Plaintiff, it appears, came to New York, but her attorney did not disclose the fact until the eve of her departure. After considerable dispute, the time for her further examination was fixed for the morning of the day she was to return to Chicago. Defendant's attorney took the precaution of securing an ex parte order,

which directed the issuance of a subpoena for plaintiff's appearance on the day following the day of the examination.

The examination was resumed at 11:30 a. m. on March 24th and continued for about one hour. A considerable portion of the record consists of objections made by plaintiff's counsel and his instructions to plaintiff not to answer. After a while, plaintiff's attorney stated that the examination should be limited so as to permit the plaintiff to leave for Chicago. Defendant's attorney wished to continue at another date, and, after a dispute, he served upon the plaintiff a subpoena calling for her appearance the following day. On advice of plaintiff's counsel, the subpoena was disregarded, and defendant's counsel was informed that plaintiff intended to leave for Chicago, and would not return as commanded by the subpoena.

█ It is clear, I think, that the subpoena was disobeyed. As a result, plaintiff, technically, is in contempt. On the other hand, the tempers of the plaintiff and the attorneys were obviously at white heat, and it is doubtful if the plaintiff herself was willful in her disobedience. It it more likely that, in view of her attorney's instructions, she considered the subpoena ineffective.

█ There seems to me to be an underlying error in the manner in which these depositions were taken. Plaintiff's counsel was entitled to object to any question he deemed improper, but his instructions to his client not to answer have needlessly complicated the matter. The questions should have been answered with objections duly noted.

█ The plaintiff subjected herself to the jurisdiction of this court when she instituted the action. Under the ex parte order, the subpoena was good, and it should not be vacated. The service of the order to show cause upon plaintiff's counsel was effective, personal service upon plaintiff within the jurisdiction not being required. The defendant's counsel is entitled to complete his examination.

Plaintiff's complaint will be dismissed unless she presents herself for the resumption and completion of the examination, at least 10 days in advance of the trial, and in the event that she does so, the examination shall continue until completed and before the trial begins.