## PHELAN v. MIDDLE STATES OIL CORPORATION et al.

### COHEN et al. v. TUMULTY et al.

### No. 314, Docket 20275.

Circuit Court of Appeals, Second Circuit.
July 9, 1946.

698

appeal. Without reciting the terms of the order it will suffice to say that it fully conforms to our mandate. The opinion on the former appeal did not order a reference to a special master. Rule 53(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723(c) declares that a reference to a master is the exception, not the rule. Whether in a given case a reference should be ordered is a matter primarily within the discretion of the district judge. He has not as yet exercised his discretion and the order on appeal leaves him free to do so hereafter. Nor does the order, as the appellants assert, unduly restrict their investigation. It grants them inspection of "all books, papers, documents, balance sheets, appraisals and inventories in the hands of the Receivers of any of the companies heretofore or now in receivership in this cause." If it shall appear to the district court that examination of the books of the new company is essential to show values as of the time of the judicial sales, we cannot assume that such examination will be denied. The appellants' complaint on this score is premature. Both motions are denied and the order appealed from is affirmed.

Meyer Kraushaar and Kraushaar & Kraushaar, all of New York City (David I. Kraushaar, of New York City, of counsel), for appellants.

Leslie Kirsch, of New York City, Joseph P. Tumulty, of Washington, D.C., and Joseph Glass, of New York City (Joseph Glass, of New York City, of counsel), for appellees.

Before SWAN, CLARK, and FRANK, Circuit Judges.

PER CURIAM.

This is an appeal from the order entered on the mandate of this court in a prior appeal entitled Phelan v. Middle States Oil Corp., 2 Cir., 154 F.2d 978. In addition, the appellants have moved that our mandate be recalled and modified, or be construed in the manner they desire; while the appellees have moved to dismiss the