**BANCO NACIONAL DE CREDITO EJIDAL, S. A., v. BANK OF AMERICA NAT. TRUST & SAVINGS ASS'N et al.**

No. 28756–H.

United States District Court
N. D. California, S. D.

Aug. 9, 1951.

Manuel Ruiz, Jr., Los Angeles, Cal., for plaintiff.

Sullivan, Roche, Johnson & Farraher, San Francisco, Cal., for Bank of America.

Jefferson E. Peyser, San Francisco, Cal., for defendants Weisberg and Flotill.

MURPHY, District Judge.

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, 28 U.S.C.A., petitioner prays for an order compelling certain officers and agents of defendant corpora-tion, Flotill Products, Inc., to answer questions regarding various acts, conversations, and matters which deponents deny were participated in on behalf of defendant, and which, upon advice of counsel, they refused to answer. The subject matter of the pending action concerns a letter of credit, the issuance of which, it is alleged, was procured by means of fraud. Although the precise methods by which the deception is charged to have been effected are not now of consequence, it is noteworthy that defendant allegedly was an undisclosed principal and certain dominated corporations were the instrumentalities of deceit. The aforementioned acts, conversations and matters are concerned directly or indirectly with business transactions between these officers and agents and the other corporations, and it is within these (to it) sensitive areas, that defendant seeks to black out or delay discovery.

The sole question presented concerns the scope of examination of an officer or agent when he has been produced by the corporation to testify on its behalf. It is clear that a corporation, which is a party, may be examined through an officer, director, or managing agent. Porrazzo v. Royal Mail Lines, Ltd., S.D.N.Y.1944.[1] As to the general scope of examination, Rule 26(b) provides that " * * * the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the examining party or to the claim or defense of any other party * * *. *It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence.*" (Emphasis added.) Rule 26(d) (2) provides that, "The deposition of a party or of any one who at the time of taking the deposition was an officer, director, or managing agent of a public or private corporation * * * which is a party may be used by an adverse party for any purpose."

"Construed together, these two clauses (Rules 26(a) and 26(b)) permit the

1. No opinion for publication.

broadest type of examination. * * * It will not avail a party to raise the familiar cry of 'Fishing expedition'." Laverett v. Continental Briar Pipe Co., D.C., 25 F. Supp. 80, 82.

It is respondent's position, however, that the deponent, when a corporate officer or agent, need not answer any question unless preliminarily the interrogator has established that the matter sought to be explored lies within an admitted corporate operation. In short, all that deponent need do to foreclose questioning as to any of his activities is to deny that they were carried on in his representative capacity. The party endeavoring to take the deposition would then be forced to subpoena the deponent as an individual, arrange for a new time and place, and take care of the procedural prerequisites attaching to the questioning of a person in his individual capacity. (A more cogent example of "reductio ad absurdum" is difficult to contemplate.)

■■ No direct authority is cited, and none can be found, in support of this straitjacketing of discovery. The reasoning of the respondent is briefly this: As a corporation can only be required to produce those officers or managing agents whose testimony would constitute admissions of the corporation, it follows that once produced they need give no testimony which would be other than a voluntary corporate admission. This strikes me as a nonsequitur, inconsistent with both the spirit and the purpose of the Rules. While it is true that a corporate defendant can speak only through the individual who acted for it, it is not true that such testimony must necessarily be restricted to admissions, and certainly not to those which deponent may choose to volunteer. Fact revelation under these Rules is a thing of breadth and substance. Examination is not limited to matters of admissible evidence, but extends to any relevant matter, not privileged, irrespective of whether its purpose is to narrow the issues, obtain evidence for use at trial or to ascertain where such evidence may exist and may be secured. If the person testifying knows some fact bearing on the subject matter of the action he is obligated to reveal it. How he came by the information, whether in his individual or representative capacity is immaterial. The line of demarcation between the actions of individuals qua individuals, and actions as representatives may be, and commonly is, a contested one. Especially is this true where it is alleged that the acts were on behalf of an undisclosed principal, and where the issue of fraud necessarily turns upon that determination. As normally the deponent may be required to answer any question which he might properly be asked on the witness stand, it would be anomalous in the extreme if, in this instance, he were given carte blanche in drawing the line of exclusion.

■ Basically the propriety of probing any matter within the knowledge of deponent is dependent upon relevancy—and relevancy, especially at the pre-trial stage, is very liberally construed. If the facts exposed are not evidentially a part of the corporate defendant's deposition, the court will ignore them at the trial. If deponent objects to the questions asked, the proper procedure is for him to answer and note his objections in the deposition. Dellefield v. Blockdel Realty Co., Inc., D.C., 40 F.Supp. 212. At any time during the taking of the deposition the deponent or any party, upon a showing that the examination is being conducted in bad faith or in such a manner as unreasonably to annoy, embarrass or oppress, may move the court to terminate or limit the examination. Rule 30(d). These safeguards, the first of logic, the others of procedure should suffice to protect a party who is objecting in good faith.

■ One primary object of the Rules is to provide for a just, speedy, and inexpensive determination of actions. In contrast, the construction urged by respondent would result in delay, expense, and inconvenience. From the record it appears that over two years have already been consumed in attempting to get this case to trial. Obstacle after obstacle has been thrown in the path of fact-finding. It is time to call a halt to such dilatory tactics. Those who come into the courts must be prepared to be as just with their adversary as they expect the courts to be with them. Artificiali-

ties, delay, obfuscation and concealment inevitably cast a pall of disrepute over bar and court alike, and turn the trial of an action into a game of chance or a contest of wits. Laverett v. Continental Briar Pipe Co., supra.

■ Plaintiff's motion for an order to compel answers is hereby granted as to all acts, conversations and/or matters which plaintiff contends took place on behalf of defendant Flotill Products, Inc., as an undisclosed principal, and in the individual capacities of said witnesses personally and on behalf of the allegedly dominated and controlled corporate instrumentalities specified by plaintiff in his fourth cause of action.

■ And it is further ordered that the refusing party pay to the examining party the amount of the reasonable expenses incurred in obtaining this order, including reasonable attorney's fees.