Application of Joseph Braziller et al., for an Order Compelling Answers to Questions Propounded Upon Oral Examination in a Civil Action by Joseph BRA-ZILLER et al., Plaintiffs,

v.

Frederick A. LIND et al., Defendants, Now Pending in the United States District Court for the Eastern District of New York.

United States District Court
S. D. New York.
Feb. 23, 1963.

Halperin, Shivitz, Scholer & Steingut, New York City, for plaintiffs; David I. Shivitz, Peter A. Eisenberg, New York City, of counsel.

Norman Annenberg, New York City, for defendant Frederick A. Lind.

DAWSON, District Judge.

This is a motion to compel answers by defendant Frederick A. Lind to questions propounded to him upon oral deposition. The action is pending in the Eastern District of New York but the deposition is being taken in the Southern District of New York and it is therefore proper that a motion to compel responsive answers should be made in this district.

The deposition of the defendant apparently took place on several days during July and September 1962. The Court has examined the transcript of the deposition, comprising several hundred pages. It appears that the defendant Lind, pursuant to instruction of his

attorney Annenberg, refused to answer some thirty-five questions in the course of the deposition. The Court has examined these questions. They were all proper questions. Rule 26(b) of the Rules of Civil Procedure states:

> "It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence."

All of these questions are questions which might well lead to the discovery of admissible evidence in the context of this litigation. The objections of the attorney Annenberg were without foundation, were obviously intended to delay the deposition and to cause additional burden and expense to the opposing counsel.

The defendant is directed to answer each and all of the questions to which objection was taken and any other questions where the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence.

■ In the motion papers the moving party moves pursuant to Rule 37(a) to require the opposing party, or the attorney advising the refusal, "to pay to the examining party the amount of the reasonable expenses incurred in obtaining the order, including reasonable attorney's fees."

It appears without dispute that at the time the objections were made to certain of the questions, the examining attorney suggested that the parties proceed to the courthouse to secure a ruling by the ex parte judge on the objections taken to questions. Any attorney qualified to practice in this court knows that the ex parte judge is available to give prompt rulings on objections to questions on oral depositions taken in this district. This would have enabled the deposition to proceed promptly with a minimum of lost time and expense. The attorney making the objection refused to agree to this practice and insisted that the party taking the deposition would have to make a formal motion in the motion part in order to obtain the answers. This has now been done. The moving papers are voluminous, as they have to be in such a motion. The moving party filed a memorandum of law and the moving party also appeared in court and argued the motion. The basis for the objections taken is utterly groundless and the refusal of the defendant to answer the questions was without substantial justification. The refusal of his counsel to come to the courthouse to secure a prompt ruling by the ex parte judge on the objections was inexcusable. The consequence of the actions of attorney Annenberg in advising his client to refuse to answer has been to impose unnecessary and unreasonable expense upon the adverse party and to delay the proceedings.

The Court finds that the attorney's action in advising the refusal was without substantial justification and directs that Norman Annenberg, Esq., the attorney who advised the refusal, shall pay to the examining party the sum of $100 as reasonable expenses incurred in obtaining the order directing answers, including an attorney's fee. Such payment shall be made within ten days of the date of this order. Payment shall be made by Mr. Annenberg personally and shall not be charged as part of the costs of the action, nor charged to his client.

So ordered.