Selma **SHAPIRO**, George Shapiro, Sherrill J. Shapiro, by her Guardian ad Litem, George Shapiro, and George Shapiro, as Administrator of the Goods, Chattels and Credits of Eric J. Shapiro, Deceased, Plaintiffs,

v.

Myron **FREEMAN**, Defendant.

Action #1.

Selma **SHAPIRO**, George Shapiro, Sherrill J. Shapiro, by her Guardian ad Litem, George Shapiro, and George Shapiro, as Administrator of the Goods, Chattels and Credits of Eric J. Shapiro, Deceased, Plaintiffs,

v.

Dorothy **FEDER**, as Temporary Administratrix of the Estate of David Feder, Deceased, and Augustine Russo, Jr., Defendants.   Action #2.

George **SHAPIRO** and Selma Shapiro, Plaintiffs,

v.

Myron **FREEMAN**, Defendant.
Action #3.

United States District Court
S. D. New York.
Oct. 18, 1965.

Mrs. Richelle Goldstein; (3) to change the place of the examination to the United States Courthouse for the Southern District of New York; (4) to compel deponents to answer questions which they refused to answer on a deposition taken September 9, 1965 and any other questions relating to their knowledge, observations, reports, or evaluations of the academic and extracurricular performance of Sherrill J. Shapiro at the Temple Beth-El Day School, including observations and evaluations of her adjustment and relationships with other persons, and knowledge of conversations between said witnesses or other persons and Sherrill J. Shapiro; (5) to be awarded counsel fees of $250.00, plus costs of conducting the examination of September 9, 1965; and (6) to obtain other appropriate relief.[1]

Plaintiff Sherrill J. Shapiro allegedly suffered injuries, including permanent psychiatric shock, when a private airplane, operated by one David Feder, crashed into the home of her parents on November 10, 1962. In the ensuing negligence actions,[2] defendants (Feder's temporary administratrix and the plane's co-owners) sought to obtain information on Sherrill's pre-injury adjustment to everyday life by an examination of her school records and teachers, but they were told by the school director that plaintiffs and their attorneys had instructed school personnel not to talk with them without written authorization from plaintiffs' lawyers. Defendants attempted to obtain such

Fuchsberg & Fuchsberg, New York City, for plaintiffs; Richard V. Zand, New York City, of counsel.

Haight, Gardner, Poor & Havens, New York City, for defendants; William J. Junkerman, Carroll E. Dubuc, New York City, of counsel.

MacMAHON, District Judge.

Defendants move (1) to add the names of Mrs. Gladys Kaye and Mrs. Richelle Goldstein to a notice of deposition served earlier on the plaintiffs; (2) to continue the deposition of Temple Beth-El Day School by Mr. Hyman Campeas, Mrs. Esther Schecter, Mrs. Mary Kobell, Mrs. Gladys Kaye, and

1. On the morning the motion was referred to us, we were orally advised by plaintiffs' attorney that counsel for the Day School and its employees wished to adjourn the hearing on the motion to an unspecified date. Such an informal request, without prior notice to either the court or the defendants, cannot be considered a motion, Raughley v. Pennsylvania R.R., 230 F.2d 387 (3d Cir. 1956), and, even if it could be, the failure to put it in a writing signed by counsel would preclude us from granting the desired relief. Fed. R.Civ.P. 7(b) and 11; United States to

Use and for Benefit of Foster Wheeler Corp. v. American Sur. Co., 25 F.Supp. 225 (E.D.N.Y.1938). Rule 7(b) (2) permits oral motions to be made only at trials and hearings, but argument on a motion is not a trial or hearing for the purpose of this exception. Hammond-Knowlton v. Hartford-Connecticut Trust Co., 26 F. Supp. 292 (D.Conn.1939).

2. Sherrill's action has been consolidated with those of her parents. The same firm represents all plaintiffs in their personal injury actions.

permission but failed. They thereupon moved to take depositions on oral examination of school personnel possessing relevant information. This court, after admonishing plaintiffs' attorneys for their unjustified interference with defendants' right to unobstructed access to witnesses,[3] granted the motion on July 2, 1965. An order, settled on notice and set out in full in the margin, was signed July 12, 1965.[4]

An examination was subsequently scheduled for September 9, 1965 at the school. Plaintiffs' attorney arrived before the appointed time and discussed the examination with Mr. Campeas, the headmaster. When the examination commenced, defendants' attorney pro-

---

3. "In performing his various duties * * * it is essential that a lawyer work * * * free from unnecessary intrusion by opposing parties and their counsel. Proper preparation of a client's case demands that he assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference. * * *" Hickman v. Taylor, 329 U.S. 495, 510–511, 67 S.Ct. 385, 393, 91 L.Ed. 451 (1947). That the interference in the present case should take the form of sealing off witnesses and not of discovering workproduct is irrelevant. If anything, interference with access to witnesses is worse since it presents a graver threat to the adversary system we depend on for the fair resolution of disputes.

4. The July 12 order reads as follows:
   "The defendants having moved this Court for an order permitting them to take the deposition on oral examination of the Temple Beth-El Community Center School by its officers, directors, principal, and teachers with knowledge of the facts related to the attendance at said school by the plaintiff Sherrill J. Shapiro upon the ground that such testimony is necessary for the preparation of the defense to her claim for permanent psychiatric injuries and such information was not otherwise available because plaintiff and their attorneys had instructed said school and individuals not to confer with or otherwise provide defendants or their attorneys with any information without authorization from plaintiffs and their attorneys, and after reading and filing the notice of motion dated June 24, 1965, and the affidavit of Carroll E. Dubuc, sworn to the 24th day of June, 1965, in support thereof; and having read the affidavit of William Paul Last, sworn to the 29th day of June, 1965, in opposition thereto; and after hearing Haight, Gardner, Poor & Havens, attorneys for the defendants, in support of said motion and Fuchsberg & Fuchsburg, attorneys for the plaintiff, in opposition thereto; and the plaintiffs' attorneys having been ordered at the hearing of this motion to obtain from their clients and to provide to the defendants' attorneys the names and addresses of the principal, teachers who have taught the said Sherrill J. Shapiro, and the custodian of the student records at the said Temple Beth-El Community Center School as a preliminary to the preparation of this order, and said attorneys having failed to provide defendants' attorneys with this information, it is
   ORDERED that the said defendants' motion for an order allowing their attorneys to take the deposition on oral examination of the Temple Beth-El Community Center School be and the same hereby is granted *in all respects* (emphasis added) ; and it is further
   ORDERED that said deposition shall be taken by the director of said Temple Beth-El Community Center and such principal, teachers and custodian of records of the Temple Beth-El Community Center School with knowledge of the said Sherrill J. Shapiro as named or discovered during the course of these discovery proceedings; and it is further
   ORDERED that such deposition shall be completed within sixty (60) days after the filing of this order unless prevented by the refusal of plaintiffs or their attorneys to cooperate in meeting this time schedule or by the absence of the director, principal, teachers or custodian of records of said school from their home in this State during the summer recess; and it is further
   ORDERED that if the defendants' attorneys are so prevented from completing these depositions within this sixty-day (60) period, they may make ex parte application to this Court for an extension of time or other appropriate relief.
   /s/   Lloyd F. MacMahon
   _____ U.S.D.J.
   Dated New York, N.Y.
   July 12, 1965"

pounded numerous questions designed to elicit relevant and nonprivileged facts on Sherrill Shapiro's psychological adjustment to school. Plaintiffs' attorney objected to nearly all of these questions and persistently instructed the deponents not to answer. His reason, he said, was that the court order of July 12, 1965 restricted the scope of the examination to Sherrill's attendance at school, i. e., the dates she was present and the dates and reasons why she was absent. Again and again, counsel for defendants asserted that plaintiffs' attorney had no right to instruct the deponents not to answer and called his attention to Rule 30(c) of the Federal Rules of Civil Procedure which requires that evidence objected to *"shall* be taken subject to the objections." (Emphasis added.) Undaunted, plaintiffs' attorney continued to obstruct and frustrate the depositions by advising, instructing, and beseeching the deponents not to answer perfectly proper questions, going so far at one point "as an officer of the court" to order the witness not to answer, and, at another, to threaten to file a formal complaint against defendants' attorney with the Association of the Bar of the City of New York. He also read a selected excerpt from the July 12 order to one of the deponents and directed her to read the order herself. The upshot was a steady stream of refusals to answer.

Mrs. Schecter, for example, refused to answer forty-six questions relating to her observations of Sherrill as a kindergarten student, and Mrs. Kobell, Sherrill's first grade teacher, refused to answer thirty-nine questions of a similar nature. The net result was all but a complete waste of the time of the two lawyers representing defendants who had made a trip to Rockaway Beach and spent three and one-half hours there in a vain effort to garner relevant evidence.

■■ Both Rule 26 of the Federal Rules of Civil Procedure and the July 12 order clearly permit a liberal examination of Sherrill Shapiro's teachers.[5] In addition, Rule 30(c) of the Federal Rules unequivocally mandates that during depositions upon oral examination "evidence objected to shall be taken subject to the objections." Thus, even if the plaintiffs' attorney believed the questions to be without the scope of the July 12 order, he should have done nothing more than state his objections.[6] It is not the prerogative of counsel, but of the court, to rule on objections. Indeed, if counsel were to rule on the propriety of questions, oral examinations would be quickly reduced to an exasperating cycle of answerless inquiries and court orders. Alternatively, if the plaintiffs' attorney believed that the examination was being conducted in bad faith, that the information sought was privileged, or that

5. Rule 26(a) provides that "any party may take the testimony *of any person* * * * by deposition upon oral examination * * * for the purpose of discovery * * *." (Emphasis added.) Rule 26(b) states that "unless otherwise ordered * * * the deponent may be examined *regarding any matter*, not privileged, which is relevant to the subject matter involved * * *. It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence." (Emphasis added.) That these provisions must be liberally construed so as "to secure the just, speedy, and inexpensive determination of every action"

(Rule 1), see Hickman v. Taylor, supra at 507, 67 S.Ct. at 392 ("the deposition-discovery rules are to be accorded a broad and liberal treatment"); Rose v. Bourne, Inc., 15 F.R.D. 362, 363 (S.D.N.Y.1953); Morrison Export Co. v. Goldstone, 12 F.R.D. 258, 259 (S.D.N.Y.1952); Siegel v. Yates, 11 F.R.D. 129, 130 (S.D.N.Y. 1951); Rose Silk Mills, Inc. v. Insurance Co. of North America, 29 F.Supp. 504, 505 (S.D.N.Y.1939).

The order of July 12 is set out in footnote 4.

6. Banco Nacional de Credito Ejidal, S.A. v. Bank of America Nat'l Trust & Sav. Ass'n, 11 F.R.D. 497 (N.D.Cal.1951); Dellefield v. Blockdel Realty Co., 40 F. Supp. 212 (S.D.N.Y.1941).

the deponents were being needlessly annoyed, embarrassed, or oppressed, he should have halted the examination and applied immediately to the *ex parte* judge for a ruling on the questions,[7] or for a protective order,[8] pursuant to Rule 30(d). He had no right whatever to impose silence or to instruct the witnesses not to answer, especially so when the witnesses were not even his clients.

We think it obvious that throughout the entire discovery process plaintiffs' lawyers have been acting in the utmost bad faith. First, without a semblance of right, they told school officials not to talk with defendants' attorneys without their written authorization; second, they refused to give the authorization when defendants' lawyers asked for it; third, after being censured for their highhanded actions, they wilfully torpedoed defendants' attempt to take a deposition ordered by this court.

■ The Federal Rules of Civil Procedure were designed as an affirmative aid to substantive justice, and those who choose to read them restrictively do so at their peril. It is time that depositions be conducted by members of the bar in a cooperative manner, in accordance with both the letter and spirit of the rules, without petty bickering and without intervention by busy courts with more important matters pressing for attention. It is clear to us that plaintiffs' attorney has no conception of his obligation to observe the rules "as an officer of the court" or otherwise. Rather, he appears to be bent on concealing vital facts or, at best, waging a war of delay, expense, harassment and frustration. There is no justification for his conduct, no basis at all for his instructing the deponents not to answer. As a result, the cooperative atmosphere envisaged by the federal rules has been poisoned by antagonism.

■ We think in the light of the history of these discovery proceedings that the particular relief sought by defendants is inadequate. The ends of justice compel the appointment of a special master to preside over all pending and future depositions in this case, lest there be repetition of these obstructive tactics, further delay, waste, expense, and still more needless burdens cast upon this congested court.[9] The special master shall be appointed by the court in the order to be entered on this opinion and shall have full power to designate the time and place of all pending and future depositions in this case and to rule on all pending and future objections and on any pending or future motions relating to discovery proceedings. The fees and expenses of the special master shall not be charged as costs of the action; rather, they shall be fixed by the court upon the special master's report at the conclusion of the deposition and shall be paid by plaintiffs' attorneys without reimbursement from their clients.[10] Furthermore, defendants' cost and expense of bringing this motion, together with

---

7. Braziller v. Lind, 32 F.R.D. 367 (S.D. N.Y.1963).

8. Krier v. Muschel, 29 F.Supp. 482 (S.D. N.Y.1939); Eastern States Petroleum Co. v. Asiatic Petroleum Corp., 27 F.Supp. 121 (S.D.N.Y.1938).

9. Fed.R.Civ.P. 37(b) (2); Phelan v. Middle States Oil Corp., 156 F.2d 697 (2d Cir. 1946). Cf. First Iowa Hydro Elec. Coop. v. Iowa-Illinois Gas & Elec. Co., 245 F.2d 613 (8th Cir.), cert. denied, 355 U.S. 871, 78 S.Ct. 122, 2 L.Ed.2d 76 (1957), cited in Bourgeois v. El Paso Natural Gas Co., 257 F.2d 807 (2d Cir. 1958); Budget Dress Corp. v. Joint Board of Dress & Waistmaker's Union, 24 F.R.D. 506 (S.D.N.Y.1959); Hirsch v. Glidden Co., 79 F.Supp. 729 (S.D.N.Y. 1948); Michels v. Ripley, 1 F.R.D. 332 (S.D.N.Y.1939); Seminar on Protracted Cases, X. The Use of Masters, 23 F.R.D. 319, 563 (1958); Kaufman, Use of Masters to Preside at the Taking of Depositions, 22 F.R.D. 465 (1958); Kaufman, Report on Study of the Protracted Case, 21 F.R.D. 55 (1957); Handbook of Recommended Procedures for the Trial of Protracted Cases, 25 F.R.D. 351, 392 (1960).

10. Cf. Bardin v. Mondon, 298 F.2d 235 (2d Cir. 1961).

reasonable attorneys' fees, both to be fixed by this court upon affidavits by defense counsel itemizing such expenses and the time spent in preparing the motion, shall be paid by plaintiffs' attorneys, without recourse to their clients, and shall not be charged as costs of the action.[11]

Settle order on notice within ten (10) days from the date of this opinion.

---

11. Braziller v. Lind, supra. Cf. Barter v. Eastern S.S. Lines, Inc., 1 F.R.D. 65 (S.D.N.Y. 1939).