ORDER

**GOULD INVESTORS, L.P., Plaintiff,**

v.

**The GENERAL INSURANCE COMPANY OF TRIESTE & VENICE, Defendant.**

**No. 89 Civ. 4794 (CES).**

United States District Court,
S.D. New York.

Dec. 5, 1990.

Weg & Myers, P.C. by Myrle L. Horvitz, New York City, for plaintiff.

Lester Schwab Katz & Dwyer by Kenneth R. Maguire, New York City, for defendant.

STEWART, District Judge:

Defendant, General Insurance Company of Trieste & Venice ("General Insurance"), moves pursuant to Rule 37(a) of the Federal Rules of Civil Procedure for an order compelling production of a witness and directing the witness to respond to questions without interruption by plaintiff's counsel. General Insurance also seeks an award of expenses incurred in making this motion.

This case concerns a claim for proceeds under a property insurance policy issued by General Insurance to plaintiff, Gould Investors, L.P. ("Gould"). The policy insured against damages incurred as a result of direct loss caused by fire and other causes. Gould incurred a loss to its property when an air-conditioning pipe broke causing water to flow through the building. Gould claims that the water flow caused extensive damage to the electrical system and that the main electrical conduits throughout the affected floors had to be replaced. Gould claims loss in excess of $250,000. However, when General Insurance investigated the loss it concluded that the damage to the electrical system could be cured and repaired for under $8,000. Pursuant to its rights under the policy, General Insurance conducted examinations under oath.

Thereafter, General Insurance served notice upon Gould for deposition upon oral examination pursuant to Rule 30 of the Federal Rule of Civil Procedure. General Insurance requested that Gould produce a witness from the engineering firm of Goldman, Copeland, Batlan. Prior to litigation Goldman, Copeland, Batlan was retained by Gould to assess the damage to the electrical system in Gould's building. Goldman, Copeland, Batlan prepared a report for Gould regarding its inspection and evaluation which Gould submitted to General Insurance in support of Gould's claim for damages. Goldman, Copeland, Batlan was the only electrical engineering consultant to have looked at the electrical system prior to renovation. Gould agreed to produce a witness from Goldman, Copeland, Batlan, for deposition. That deposition went for-

ward on August 30, 1990 and is the subject of this motion.

■ Mr. Martin Goldman, a partner in Goldman, Copeland, Batlan, was produced for deposition. Mr. Goldman had personally inspected the electrical lines in Gould's building. General Insurance had requested production of Mr. Gitlin, an electrical engineer from Goldman, Copeland, Batlan, but assumed Mr. Goldman was being substituted as an appropriate witness.

During the deposition Mr. Goldman described the composition and appearance of the insulation on the main electrical feeder lines as "brittle, frayed and stained." When the witness was asked whether he had formed any conclusion as to the cause of the condition of the wires, Gould's counsel objected stating that the witness was there to testify as to factual observation not to give his opinion. Gould's counsel then directed the witness not to answer. Shortly thereafter when the witness was asked where in the building he had physically touched the feeder cables, the witness stated that he did not remember. At this point Gould's counsel again interrupted the examination and stated, "I would like to speak to my witness outside, please." A brief recess was then taken. When the deposition resumed the witness was asked:

Q Could you describe the service or condition of the wire?

A It had been dry and rough.

Q Could that condition be from age?

At this point Gould's counsel again objected and directed the witness not to answer the question. Similarly and several times thereafter Gould's counsel interrupted, objected, and directed the witness not to answer. Finally, General Insurance adjourned the deposition to seek assistance from the court.

General Insurance asserts that directing the witness not to respond was totally improper, obstructed the deposition and is sanctionable conduct. Gould counters that Mr. Goldman was produced as a fact witness not an expert witness and is not quali-

fied to give his opinion.[1] Therefore, Gould asserts that the questions posed by General Insurance were improper.

■ Rule 30(c) of the Federal Rules of Civil Procedure clearly states that all objections made at the time of the examination shall be noted and that evidence objected to shall be taken subject to objections. Absent a claim of privilege, instructions not to answer questions at a deposition are improper. *See Nutmeg Ins. Co. v. Atwell, Vogel & Sterling, Div. of Equifax Services, Inc.,* 120 F.R.D. 504, 508 (W.D.La.1988). "It is not the prerogative of counsel, but of the court, to rule on objections." *Shapiro v. Freeman,* 38 F.R.D. 308, 311 (S.D.N.Y. 1965). *See also Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, U.A.,* 657 F.2d 890 (7th Cir.1981), *cert. denied,* 455 U.S. 1017, 102 S.Ct. 1710, 72 L.Ed.2d 134 (1982). Rule 26(b) of the Federal Rules of Civil Procedure states that "parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved.... It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."

Clearly the information sought here is relevant. Mr. Goldman's firm prepared a report for Gould regarding its inspection and evaluation of the electrical system which was submitted to General Insurance in support of Gould's claim for damages under the policy. Goldman, Copeland, Batlan was the only electrical engineering consultant to have looked at the electrical system prior to renovation. Further, Mr. Goldman had personally inspected the electrical lines in Gould's building. Therefore, we find that it was improper for Gould's counsel to direct the witness not to answer. If counsel objects, the objections should be noted and the testimony should be taken subject to the objections.

---

1. Since Gould admits that the witness was not hired as an expert witness, the special limitations of Rule 26(b)(4) of the Federal Rules of Civil Procedure regarding the discoverability of the opinions of certain expert witnesses are not applicable here.

CONCLUSION

Defendant's motion for an order compelling production of a witness to continue the deposition is granted. The witness is directed to respond to questions posed without interruption by plaintiff's counsel. If plaintiff's counsel objects, the objections will be noted and the testimony will be taken subject to the objections. We decline to grant an award of expenses incurred in making this motion.

SO ORDERED.