## CIRCUIT COURT OF THE CITY OF RICHMOND

Nicholas G. Athas

v.

Kolbe Corporation

July 18, 1991

Case No. LT 860-2

By JUDGE ROBERT L. HARRIS, SR.

Counsel for both parties appeared before this court on plaintiff's Motion to Compel Discovery and defendant's Motion for Costs for Defending Such Motion Pursuant to Virginia Code § 8.01-271.1 ("Motion for Sanctions"). Plaintiff's Motion to Compel Discovery was denied pursuant to court order. For the reasons set forth below, defendant's Motion for Sanctions is granted, and Mr. Steingold is ordered to pay the defendant $300.00, the reasonable attorney's fees incurred by defendant in opposing plaintiff's motion, pursuant to Rule 4:12(a)(4), and Virginia Code Section 8.01-271.1.

Plaintiff served the following discovery on defendant: Request for Production of Documents served simultaneously with the Motion for Judgment on March 13, 1991, with response due April 10; Supplemental Request for Production of Documents served March 22, with response due April 12; and Second Supplemental Request for Production of Documents served March 28, 1991, with response due April 18. All Request for Production of Documents stated that inspection would occur at the offices of plaintiff's counsel.

On April 2, 1991, in addition to filing its Grounds of Defense, Mr. Cosby filed twofold objections to plaintiff's first two document requests. Defendant objected

to producing documents at any location other than the offices of defense counsel. Additionally, defendant objected to the production of documents in the possession of anyone other than the defendant. On the same page, defendant filed a response which stated that, subject to these objections, it would make all responsive, nonprivileged documents in its possession available for inspection at Mr. Cosby's office upon reasonable notice during regular business hours. Although not required by Rule 4:9, it is customary that the documents, if not voluminous, be made available at the office of the representing attorney. Mr. Cosby's response that he would make the documents available at his office should have resulted in Mr. Steingold communicating with him to resolve the issue without the court's involvement.

On April 16, 1991, only eighteen days after the Second Supplemental Request was served, Mr. Steingold filed a Motion to Compel responses to plaintiff's requests for production of documents. The motion stated that plaintiff had complied with the Virginia Rules of Procedure in making discovery requests and that "defendant did not object to any questions therein." This averment was in error, as the objection was filed April 2, 1991. It was alleged that the twenty-eight day answer period had expired, and neither answers nor requested information had been received.

Plaintiff's Motion to Compel was denied at the April 22, 1991, hearing, and defendant's Motion for Sanctions was taken under advisement. Both attorneys and Mr. Cosby's secretary subsequently submitted affidavits detailing the events leading up to the filing of the motion.

Mr. Steingold states that defendant's objection to providing documents in the possession of others "was obviously untrue" because Mr. Cosby ultimately forwarded the documents to Mr. Steingold. Mr. Steingold's characterization of defense counsel's objection is disingenuous. Mr. Cosby did not deny that defendant had the documents; the objection was only to the extent that the requests exceeded the scope of documents within defendant's control. In addition, Mr. Steingold's statement in his Motion to Compel that defendant filed no objections to his requests is obviously inaccurate since defendant clearly made both objections and a response on April 2, 1991, well within the twenty-eight days required by the rules.

Mr. Steingold states in his affidavit that he made several telephone calls to Mr. Cosby to resolve the matter, but he "received little cooperation." He states that he contacted the court and obtained dates for a hearing on the Motion to Compel. Mr. Steingold claims he attempted to contact Mr. Cosby to schedule a hearing but Mr. Cosby was allegedly out of the office. Assuming that he did, in fact, attempt to communicate with Mr. Cosby, rather than waiting to speak to Mr. Cosby, Mr. Steingold claims Cosby's secretary chose the hearing date because "time [was] of the essence." Mr. Cosby's secretary has filed an affidavit stating that she has no recollection of providing dates to Mr. Steingold. Mr. Steingold does not explain why time was of the essence, and the court does not believe that the matter was so pressing that Mr. Steingold could not extent Mr. Cosby the courtesy of discussing it with him before filing a motion and setting the hearing *ex parte.*

On April 17, 1991, Mr. Cosby faxed and mailed Mr. Steingold a letter in response to the Motion to Compel. Mr. Cosby has also provided an affidavit describing his recollection of these events. Mr. Cosby states that Mr. Steingold first tried to obtain his available dates for a motion to compel for a hearing on April 3, 1991, the day after the Grounds of Defense, objections and responses were filed. On April 10, 1991, Mr. Cosby called Mr. Steingold, who allegedly agreed that responses could be made on April 15. Mr. Cosby admits that Mr. Steingold was not in possession of the documents on April 15 and states that this was because both attorneys had agreed that the documents would be mailed to Mr. Steingold as a courtesy rather than having him travel downtown. Mr. Steingold filed his Motion to Compel on April 16, 1991.

In his letter of April 17, 1991, Mr. Cosby asked Mr. Steingold to withdraw his motion and advised him that if he did not do so, he would move for sanctions based on Mr. Steingold's misrepresentations. Mr. Steingold states that he proceeded with the hearing because all of the documentation had not been provided by Mr. Cosby prior to the hearing. Mr. Cosby, on the other hand, states that he was not aware that all of the documentation had not been provided. He states that Mr. Steingold told him after the Motion to Compel was filed and the hearing set, that

two categories of document were missing. Mr. Cosby states that he provided one type of document to Mr. Steingold and informed him prior to the hearing that the other type did not exist. Mr. Steingold claims this information was transmitted by fax fifteen minutes before the motion hearing and was not seen by him until after the hearing. Mr. Cosby has filed an affidavit of the expenses and fees incurred on defendant's behalf in opposing plaintiff's motion.

There are two purposes in reciting in such detail these divergent accounts: first, to illustrate the disturbing lack of cooperation between counsel in the discovery process which this court observes all too frequently, and second, to illustrate how much of the court's time can be wasted on discovery matters which should never even appear on the court's docket.

The discovery rules in Part Four of the Rules of the Supreme Court of Virginia were adopted from the Federal Rules of Civil Procedure. Pretrial discovery allows a focusing of the issues, encourages out-of-court settlements, and promotes fair and just litigation. To further these goals, "cooperation among counsel is not only helpful, but required, and the court has the duty to ensure that such cooperation is forthcoming." *Ohio v. Crofters, Inc.,* 75 F.R.D. 12 (D.C. Colo. 1977), *aff'd,* 570 F.2d 1370 (10th Cir.), *cert. denied,* 439 U.S. 833 (1978).

Cooperation and courteous conduct of attorneys is mandated by the Code of Professional Responsibility.

> A lawyer should be courteous to opposing counsel and should accede to reasonable requests regarding court proceedings, settings, continuances, waiver of procedural formalities, and similar matters which do not prejudice the rights of his client. He should follow local customs of courtesy or practice, unless he gives timely notice to opposing counsel of his intention not to do so. A lawyer should be punctual in fulfilling all professional commitments.

Va. Code of Professional Responsibility, E.C. 7-35. Mr. Steingold has not acted in accordance with the local customs of courtesy and practice.

> The duty of a lawyer to represent his client with zeal does not militate against his concurrent obligation to treat with consideration all persons involved in the legal process and to avoid the infliction of needless harm.

Va. Code of Professional Responsibility, E.C. 7-10. Mr. Steingold's conduct lacked consideration for Mr. Cosby and for the court's limited resources.

Communication between reasonable professionals could have resulted in the speedy resolution of this discovery dispute. The issues disputed, where to produce the documents and what documents were in possession of third persons, are simple issues that cooperative counsel routinely resolve with little more than a quick telephone conference. When such issues require court intervention, one or more of the attorneys involved has not abided by the Code of Professional Responsibility.

Rule 4:12(a)(4) allows the court to award expenses incurred in opposing a motion to compel, including attorney's fees, to the nonmoving party when the motion to compel is denied, unless the motion was "substantially justified." Such expenses may be required to be paid by the moving party, the attorney opposing the motion, or both.

In addition, Virginia Code § 8.01-271.1 provides that:

> the signature of an attorney on a pleading or motion constitutes a certificate by him that (i) he has read the pleading [or] motion . . . (ii) to the best of his knowledge, information and belief, formed after reasonable inquiry, it is well-grounded in fact . . . and (iii) it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

If a pleading or motion is signed in violation of this statute, the court "shall impose upon the person who signed the paper or made the motion, a represented party, or both an appropriate sanction" which includes an order to pay to the other party reasonable expenses incurred

because of the pleading or motion, including a reasonable attorney's fee. *Id.*

The court finds that Mr. Steingold's Motion to Compel was not substantially justified. The court is not convinced that Mr. Steingold made a genuine effort to resolve the discovery dispute. He filed a Motion to Compel on some document requests which were not yet due, and he set the hearing without discussing the matter with Mr. Cosby. Mr. Steingold's argument that time was of the essence is untrue. The Motion for Judgment had been filed less than five weeks at the time the Motion to Compel was filed with the court. Plaintiff's case would not have been jeopardized by waiting for Mr. Cosby to return to his office so that he could confer with Mr. Steingold in an effort to resolve any differences.

It also appears to the court that Mr. Cosby acted in good faith in attempting to produce the documents requested while still preserving the objections he felt should be made on behalf of his client. Mr. Steingold distorted the nature of Mr. Cosby's objections and misstated the facts in his motion in violation of the requirements of Virginia Code § 8.01-271.1. In addition, when the omission of one type of document was brought to Mr. Cosby's attention, Mr. Cosby apparently assured Mr. Steingold that the documents would be forthcoming, but Mr. Steingold decided to hold Mr. Cosby's feet to the fire and immediately proceeded with the hearing anyway. This is the type of "hardball" practice being decried throughout the profession today. It has always been unacceptable in this jurisdiction and until overruled will continue to be unacceptable to this court.

This court believes that, as the court in *Crofters, Inc.,* observed in another discovery dispute:

> [i]t is time that [discovery] be conducted by members of the bar in a cooperative manner, in accordance with both the letter and spirit of the rules, without petty bickering and without intervention by busy courts with more important matters pressing for attention. It is clear . . . that [counsel] has no conception of his obligation to observe the rules "as an officer of the court" or otherwise. Rather, he appears

> to be bent . . . on waging a war of . . . expense, harassment, and frustration . . . . As a result, the cooperative atmosphere envisioned by the . . . rules has been poisoned by antagonism.

*Crofters, Inc.,* 75 F.R.D. at 21 (quoting *Shapiro v. Freeman,* 38 F.R.D. 308, 312 (S.D. N.Y. 1965)). In sum, Mr. Steingold's conduct has been in violation of the cooperative spirit of the discovery rules of the Supreme Court of Virginia and contrary to Virginia Code § 8.02-271.1.

Accordingly, the court holds that sanctions against Mr. Steingold are appropriate in this case, and he, not his client, is ordered to pay to the defendant the sum of $300.00, representing reasonable expenses incurred by defendant because of the filing of the Motion to Compel, including a reasonable attorney's fee, pursuant to Rule 4:12(a)(4) and Virginia Code § 8.01-271.1.