### In re OMEPRAZOLE PATENT LITIGATION.

No. MDL 1291, M–21–81 (BSJ).

United States District Court,
S.D. New York.

Feb. 25, 2005.

John J. Francis, Jr., Drinker, Biddle & Shanley, L.L.P., Florham Park, NJ, for Astra Aktiebolag, Aktiebolaget Hassle, KBI–E, Inc., and Astrazeneca, LP.

## Order

JONES, District Judge.

On February 18, 2005, Special Master Peterson issued an Order (the "Order") compelling Eon's expert to testify at deposition and imposing sanctions upon Eon's counsel and Eon. Eon appealed the Order on February 23, 2005. For the reasons below, the Order is AFFIRMED.

### BACKGROUND

This Opinion assumes familiarity with the factual circumstances leading up to the Order, but summarizes pertinent facts for convenience.

Eon's expert, Dr. Lawrence H. Block submitted three expert reports in February, July, and September 2004, expressing his opinions, *inter alia*, regarding the validity of the patents-in-suit under 35 U.S.C. §§ 102 and 103, as well as the enforceability of the patents-in-suit. However, in a letter dated December 21, 2004, Eon advised Astra that "Eon has decided to remove from the above identified litigations Eon's defenses and counterclaims of invalidity under 35 U.S.C. §§ 102 and 103, and Eon's defenses and counterclaims of unenforceability due to inequitable conduct." Eon further advised that "Eon's expert reports of Dr. Lawrence Block are hereby amended to delete the following paragraphs: [followed by a listing of paragraphs]." This letter identified 216 paragraphs out of a total of 284 paragraphs that were "deleted." The remaining paragraphs address non-infringement and defenses under 35 U.S.C. §§ 101 and 112.

During Dr. Block's deposition on January 5, 2005, Astra inquired whether Dr. Block believed that all opinions stated in his reports were true and correct. Dr. Block confirmed that they were. Astra then asked Dr. Block what he had been told by Eon's counsel regarding the deletion of parts of his reports. Eon objected and instructed Dr. Block not to answer based upon privilege. Eon also instructed Dr. Block not to answer questions directed to the subject matter of the deleted paragraphs from his expert reports.

In a January 10, 2005 letter to Special Master Peterson, Astra moved for an order

pursuant to FED. R. CIV. P. 37(a) overruling Eon's instructions to its expert Dr. Block not to answer these questions during his deposition. Astra also sought sanctions against Eon under FED. R. CIV. P. 37(b). On January 14, 2005, Eon opposed Astra's motion and made a cross-motion for a protective order preventing Astra from taking Dr. Block's deposition on the above referenced topics and for sanctions under FED. R. CIV. P. 37(b), along with attorney fees and costs incurred in responding to the motion.

In an Order dated February 18, 2005, Special Master Peterson stated that the "sole issue is whether Eon's counsel properly instructed Dr. Block not to answer, or whether Dr. Block's testimony should have been taken subject to Eon's objection." Special Master Peterson ruled that Dr. Block's testimony on the subject concerning the disputed questions is relevant and is not protected by attorney-client privilege or subject to work product immunity. As a result, "Eon's and its counsel's direction to Dr. Block not to answer questions concerning his communications why Eon wanted to 'delete' sections of his reports was improper." Similarly, the instruction not to answer substantive questions about the deleted sections was also improper. Special Master Peterson granted Astra's motion to compel this portion of Dr. Block's testimony and ordered Eon to reschedule Dr. Block's continued deposition by no later than February 28, 2005, or such other time as the parties mutually agree.

Special Master Peterson also granted in part Astra's motion for an award of expenses under FED. R. CIV. P. 37. He ordered Eon and its counsel, Michael C. Stuart, jointly and severally, to pay Astra two-thirds of Astra's reasonable expenses, including attorney's fees, incurred in connection with Astra's motion to compel and Astra's responses to Eon's motion for a protective order and for sanctions. All other motions and cross-motions were denied. Eon appealed this Order on February 23, 2005.

## DISCUSSION

### I. Standard of Review

The Court reviews those portions of the Special Master's Order that Eon appeals *de*

*novo*, and "may adopt or affirm; modify; wholly or partly reject or reverse" the Order pursuant to FED R. CIV. P. 53. *See* FED. R. CIV. P. 53(g)(3)-(4).

### II. Deposition Testimony of Dr. Block

#### A. Testimony Concerning Defenses Withdrawn by Eon

 Eon argues that the Order requires Eon and its trial expert to defend positions that Eon is no longer taking in this litigation. Eon states that at trial, "Dr. Block will express no opinions whatsoever on the issues of anticipation, obviousness and inequitable conduct because these are defenses that Eon has abandoned." *See* February 23, 2005 Letter from Michael C. Stuart to Judge Barbara S. Jones ("Eon Letter") at 2.

Because Eon has abandoned these defenses, it argues that the production of Dr. Block's expert reports in deleted form was in compliance with FED. R. CIV. P. 26(a)(2)(A)-(B). Eon states that FED. R. CIV. P. 26(a) "requires that Dr. Block's expert report disclose only the positions that Eon will present at trial and Dr. Block's opinions regarding those issues that Eon is pursuing in its case." *See id.* As a result, Eon asserts that the Special Master's decision is contrary to FED. R. CIV. P. 26(a)(2)(B) and that the discovery that he orders is not relevant to the claims or defenses of Eon under FED. R. CIV. P. 26(b)(1).

However, Eon has failed to demonstrate any error in the Special Master's legal conclusions and factual findings concerning "whether Eon's counsel properly instructed Dr. Block not to answer, or whether Dr. Block's testimony should have been taken subject to Eon's objection." *See* Order at 2. Instead, Eon merely alleges that the Special Master has not cited "a single court decision or any other authority whatsoever that supports the taking of discovery from an expert about defenses that have been withdrawn by a party and about which the expert will not testify at trial." *See* Eon Letter at 1.

In fact, Special Master Peterson does cite authority supporting his holding that Eon's

conduct was improper, even assuming that the discovery is directed solely to the withdrawn defenses. The Special Master cited *Shapiro v. Freeman*, 38 F.R.D. 308, 312 (S.D.N.Y.1965) for the proposition that Eon was not entitled to make "the decision not to allow Dr. Block to testify on his opinions relating to invalidity under §§ 102 and 103 and unenforceability based on inequitable conduct." *See* Order at 7. In *Shapiro*, the Court held that,

> It is not the prerogative of counsel, but of the court, to rule on objections. Indeed, if counsel were to rule on the propriety of questions, oral examinations would be quickly reduced to an exasperating cycle of answerless inquiries and court orders. Alternatively, if the plaintiff's attorney believed that the examination was being conducted in bad faith... or that the deponents were being needlessly annoyed, embarrassed, or oppressed, he should have halted the examination and applied immediately to the *ex parte* judge for a ruling on the questions, or for a protective order, pursuant to Rule 30(d). He had no right whatever to impose silence or to instruct the witnesses not to answer, especially so when the witnesses were not even his clients. *Shapiro*, 38 F.R.D. at 311–12 (footnotes omitted); *see also* Order at 7.

The Special Master also cited other authorities to show both the impropriety of Eon's actions and that "counsel's proper course would have been to allow the questioning to continue subject to objection." *See* Order at 5 (citing 7–30 MOORE'S FEDERAL PRACTICE—CIVIL § 30.43[2] (2004)); *see Hanlin v. Mitchelson*, 623 F.Supp. 452, 455 (S.D.N.Y.1985) ("The proper procedure to follow when an objection is raised to a question propounded in a deposition is for the attorney who raises the objection to note his objection but to allow the question to be answered").

■ Eon argues that its instruction to Dr. Block not to answer questions directed to the subject matter of the deleted paragraphs in the reports was valid since these reports were amended and produced with deleted paragraphs in compliance with FED. R. CIV. P. 26(a)(2)(A) and B. Eon argues that FED. R.

CIV. P. 26(a)(2)(A) and (B) provide that an expert's report "is designed to be a disclosure of [the] party'" and so "would indicate that an expert report *must* be amended by the party to accurately reflect the legal positions that the party is taking in the litigation." *See* Eon Letter at 2–3.

However, this argument misstates FED. R. CIV. P. 26(a)(2)(A) and (B). While FED. R. CIV. P. 26(a)(2)(A) states that a party "shall disclose" the *identity* of the witness, under FED. R. CIV. P. 26(a)(2)(B), the expert report is "prepared and signed by the witness." The expert report is the *expert's* statement not Eon's. The Special Master correctly held that:

> Expert reports are not pleadings that a party may amend at will. Eon may choose to voluntarily drop various defenses, either expressly such as Eon is apparently attempting to do here, or simply by not urging such defenses through dispositive motions or at trial. It is beyond Eon's province, however, to "amend" Dr. Block's expert reports. Dr. Block may do so, but not Eon. *See* Order at 4.

Therefore, the Court agrees with the Special Master's conclusion that Eon's refusal to allow Dr. Block to answer questions directed to the subject matter of the deleted paragraphs were improper.

### B. Testimony Concerning Why Eon Withdrew Certain Defenses

■ Eon also challenges the Special Master's ruling that Eon should produce Dr. Block for a continued deposition to disclose his understanding as to why Eon decided to withdraw the various defenses referenced above. Eon asserts that FED. R. CIV. P. 26(a)(2)(B) requires that only "the data or other information considered by the expert in forming the opinions" is discoverable. Since the information Dr. Block obtained concerning the withdrawal of the defenses and the deletion of the paragraphs of his reports was not "considered" by Dr. Block in forming his opinions, Eon argues that this information is not discoverable.

Eon also argues that "the reasons for Eon's deletion of certain paragraphs of Dr. Block's expert reports and defenses are

based upon confidential communications between Eon and Eon's attorneys and are also based upon tactical litigation decisions made by Eon's trial counsel in conjunction with Eon's in-house counsel." *See* Eon Letter at 3. Eon argues that Dr. Block's understanding of the reasons for Eon's deletion of paragraphs from his reports is protected by the attorney-client privilege and the attorney work product privilege. *Id.*

These arguments do not support a finding that the Special Master's decision was erroneous. The Special Master correctly found that the question posed by Astra's counsel to Dr. Block concerning what Eon's counsel communicated to him about the deletion of certain sections of his reports is properly discoverable and is "clearly related to the subject matter of Dr. Block's report" and is therefore, relevant. *See* Order at 13.

■ As to the issue of privilege, the Special Master found that the testifying expert is "outside the scope of privilege, at least insofar as information concerning the subject matter of his/her report is concerned." *Id.* at 12. Additionally, the Special Master correctly held that "[i]t is well established that voluntary disclosure of information to a party outside the privilege waives the attorney-client privilege with respect to such information." *Id.* (*citing In re von Bulow,* 828 F.2d 94, 101 (2d Cir.1987); *Aramony v. United Way of Am.,* 969 F.Supp. 226, 235 (S.D.N.Y.1997); *In re Kidder Peabody Secs. Litig.,* 168 F.R.D. 459, 468 (S.D.N.Y.1996)). Therefore, Eon waived any privilege when it communicated information about the reasons for deleting sections of the expert reports to Dr. Block. *See* Order at 13.

■ Eon has not made any showing in this appeal that the Special Master was incorrect in holding that the information communicated to Dr. Block was not subject to work product immunity. Even if such a showing was made, such a protection would have been waived by Eon's communications with Dr. Block. As a result, the Court finds that the Special Master correctly granted Astra's motion to compel testimony from Dr. Block concerning his communications with Eon about the deletion of sections of his expert reports.

### III. Sanctions

■ Lastly, Eon argues that the Special Master's imposition of sanctions on Eon and its counsel should be reversed. The Special Master issued sanctions as a result of the improper conduct of Eon and its counsel in instructing Dr. Block not to answer certain questions, as well as for the "specious and frivolous" cross-motion for a protective order and sanctions filed by Eon. *See* Order at 18. Specifically, the Special Master required Eon and its counsel, Michael C. Stewart, jointly and severally, to "pay Astra two-thirds of Astra's reasonable expenses, including attorney's fees, incurred in connection with (1) Astra's motion to compel and for sanctions, and (2) Astra's responses to Eon's cross-motion for a protective order and for sanctions." *Id.* at 18–19.

On appeal, Eon argues for reversal of the award of sanctions based upon the contention that the Special Master cited no supporting authority for his decision compelling the deposition testimony of Dr. Block. *See* Eon Letter at 3. However, as previously stated, the Special Master clearly cited authority supporting his holding that Eon's conduct was improper.

Eon also argues that it is being treated unfairly and less favorably than Astra, in light of an earlier decision from Special Master Peterson involving another Defendant in the litigation, finding that a number of objections and instructions not to answer by Astra's counsel during a FED. R. CIV. P. 30(b)(6) deposition were improper. *See* Eon Letter, at 5, *see also* Motion Exhibit C. In that decision, the Special Master did not impose sanctions upon Astra's counsel.

Eon's argument fails. The Special Master's decision in the December 11, 2003 Order declining to grant sanctions has little bearing on the matter currently before this Court. In this matter, the Special Master justified the award of sanctions by stating:

Eon's and it's counsel's instructions to Dr. Block not to answer the questions concerning the subject matter purportedly "deleted" from his expert reports were improper

and without substantial justification. The deposition excerpts in the parties' submissions indicate that Astra clearly made a good faith effort to obtain the discovery without court action. Further, Eon's and its counsel's conduct *vis-à-vis* this line of questioning was, to say the least, egregious. Under the circumstances, an award of expenses is not unjust. *See* Order at 17. The Special Master also stated that "Eon's counsel was not open to persuasion, but rather elected to adopt and maintain extreme positions despite repeated cautions from opposing counsel." *See id.* at 8. No similar conclusion was reached by the Special Master in the December 11, 2003 Order.

The Court also notes that in this matter unlike the dispute referenced in the December 11, 2003 Order, Eon made a cross-motion for a protective order and sanctions against Astra. The Special Master considered the arguments supporting the motion for a protective order to be "plainly specious and frivolous" and without "substantial justification even under a liberal construction of the standard [for a protective order]." *See* Order at 15 (internal quotation marks omitted), 17.

Considering this finding, the Special Master correctly relied upon the provisions of FED R. CIV. P. 37(a)(4) to apply to the award of expenses incurred in relation to the motion. FED. R. CIV. P. 37(a)(4)(B) provides:

> If the motion is denied, the court may enter any protective order authorized under Rule 26(c) and shall, after affording an opportunity to be heard, require the moving party or the attorney filing the motion or both of them to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust.

In the context of FED. R. CIV. P. 26(c), the Special Master correctly stated that if a motion for a protective order is denied, the moving party can be ordered to pay reasonable expenses incurred in defending the motion unless the motion was "substantially justified" or that there were other circumstances that would make an award of expenses unjust. *See* Order at 18. The Special Master found that "Eon's cross-motion for a protective order [was], to say the least, 'without substantial justification' and the circumstances do indicate that an award of expenses would not be unjust." *Id.* The Court agrees with this finding by the Special Master.

### CONCLUSION

The Court finds that it was improper for Eon's counsel to refuse to allow Dr. Block to answer questions concerning both the deletion of sections of his expert reports and the subject matter of the deleted sections. Additionally, the Court finds that the award of expenses against Eon and its counsel, Michael C. Stuart, jointly and severally, under FED. R. CIV. P. 37 is justified considering all of the circumstances surrounding this dispute. Accordingly, Eon's appeal of the Special Master's Order is DENIED.

**SO ORDERED:**