John A. **PREYER**

v.

**UNITED STATES LINES, INC.**

Civ. A. No. 72–1534.

United States District Court,
E. D. Pennsylvania.

Oct. 10, 1973.

Avram G. Adler, Philadelphia, Pa., for plaintiff.

William E. Rapp, Rawle & Henderson, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

FULLAM, District Judge.

On September 16, 1969 while employed as a messman on defendant's vessel, plaintiff allegedly injured his right elbow as a result of defendant's negligence. Almost three years later, he filed a complaint, demanding damages of $100,000 plus maintenance and lost wages for the period of his disability.

In addition to denying any negligence on its part and raising several affirmative defenses, defendant has counterclaimed that plaintiff fraudulently concealed the fact that he was not unfit for work and collected $4,608 in maintenance and cure benefits to which he was not entitled. Accordingly, defendant demands that plaintiff repay that amount.

■ After frustrating defendant's initial efforts to undertake discovery, and after two court orders compelling plaintiff to cooperate, plaintiff finally appeared on January 19, 1973, for the taking of his deposition. At the deposition, however, plaintiff's counsel refused to let his client answer several questions relating to plaintiff's driving history. The questions arose in the following context: Defense counsel was inquiring about plaintiff's related accidents and injuries. It appeared that plaintiff had been previously injured while a crew member of two other vessels—giving rise to two other suits now pending in this District. Upon further questioning, it appeared that plaintiff had been involved in two recent automobile accidents, that restrictions had been placed on his driver's license, and that he had no current driver's license. When asked what those restrictions were, what his license number was, whether he still drove a car, and whether he had automobile insurance, plaintiff was instructed not to answer.

Answers to these questions are perhaps not directly related to the issue of causation of plaintiff's injuries. However, they would seem to be "reasonably calculated to lead to the discovery of admissible evidence," and this is all Rule 26(b), "scope of discovery," requires in the way of relevance. Plaintiff's argument that he answered all questions relating to automobile accidents and to injuries resulting therefrom is not convincing in view of the fact that, in his response to an interrogatory on the general subject of accidents, plaintiff failed to list any automobile accidents—contrary to his later admission at the deposition.

■ Finally, Rule 30(c) provides that "Evidence objected to shall be taken subject to the objections." When the objection involves a claim of privilege, a strict application of this rule would undermine the values thereby protected. But in this case, although plaintiff's attorney complained that the questions were asked in an "incriminatory context" (Preyer deposition at 74), there is no real claim of privilege. Where, as here, the objection is merely based on assertions of irrelevance, the rule should be strictly applied.

Defendant's motion will be granted.