**W. R. GRACE & CO. and Woodward Chemicals Corporation, Plaintiffs,**

v.

**PULLMAN INCORPORATED, Defendant.**

**FLUOR CORPORATION and Fluor Engineers and Constructors, Inc., Plaintiffs,**

v.

**PULLMAN INCORPORATED, Defendant.**

**Nos. CIV–75–0713–D, CIV–76–0332–D.**

United States District Court,
W. D. Oklahoma.

Feb. 11, 1977.

---

William G. Paul, John J. Griffin, Jr., Harry A. Woods, Jr., Oklahoma City, Okl., George T. Mobille, Washington, D. C., for plaintiffs Grace and Woodward.

Burck Bailey, Oklahoma City, Okl., Roland N. Smoot, Douglas E. Olson, Los Angeles, Cal., for plaintiff Fluor.

Elliott C. Fenton, Larry D. Ottaway, Oklahoma City, Okl., Ned L. Conley, David Alan Rose, Arthur M. Dula, C. J. Donovan, C. W. Crady, Kurt S. Myers, Houston, Tex., for defendant.

## ORDER

DAUGHERTY, Chief Judge.

Plaintiffs herein, W. R. Grace & Company and its subsidiary Woodward Chemicals

Corporation (Grace-Woodward) are the owners of an ammonia processing plant being constructed near Woodward, Oklahoma (Woodward plant). Defendant Pullman Incorporated (Pullman) is the owner of United States Patent No. 3,441,393 (Patent) entitled "Process for the Production of Hydrogen Rich Gas" which patented process is principally used for the production of ammonia. The instant action was initiated by Pullman seeking a declaratory judgment that the process to be performed in said plant when completed would infringe its Patent. On March 26, 1976, this Court issued its Order determining that an actual justiciable controversy did not exist in regard to Pullman's declaratory judgment action and same should be dismissed for lack of jurisdiction. Pullman's complaint was dismissed but the Court determined that a Counterclaim asserted by Grace-Woodward should be retained because independent jurisdictional grounds existed to support both claims herein. The Court in its Order of March 26, 1976 determined that Grace-Woodward should be designated as Plaintiffs and Pullman as Defendant with the previously asserted Counterclaim becoming the Complaint. The Court in the aforementioned Order dismissed the builders of the Woodward plant, Fluor Engineers and Constructors, Inc. and Fluor Corporation (Fluor) from the action.[1]

The action as now constituted is a declaratory judgment action by Grace-Woodward seeking a declaration that Pullman's Patent is void, invalid, and unenforceable. A second cause of action is asserted which is in the nature of an anti-trust case in which it is alleged Pullman has misused the Patent in question to restrain competition and has attempted to monopolize the market of constructing ammonia processing plants by alleged coercive tactics related to the Patent rights in question. Defendant Pullman has asserted by Counterclaim that the

Woodward plant will infringe its Patent when completed.[2]

On December 21, 1976, a Motion by Grace-Woodward Against Pullman Under FRCP Rule 37(a)(2) to Compel Answers In Discovery Depositions was filed which Motion is supported by a Brief. On January 25, 1977 an Addendum to said Motion was filed. On February 3, 1977 Plaintiffs Fluor Corporation and Fluor Engineers and Constructors, Inc. joined in said Motion of Grace-Woodward. Defendant Pullman has filed a Response to said Motion. The Court notes counsel for Movant has not complied with Local Rule 13(d) requiring him to advise the Court in writing that he has conferred in good faith with opposing counsel, but that, after sincere attempts to resolve differences have been made, they are unable to reach an accord prior to submission of any discovery dispute to the Court. This Court has waived compliance with said Rule in regard to several discovery motions in these consolidated cases in an effort to keep the discovery efforts moving. The instant Motion will be considered by the Court. Strict compliance with Local Rule 13(d) will be required in regard to any future discovery motions and the parties are hereby forewarned.

Plaintiffs Grace-Woodward request this Court to compel certain witnesses for Defendant Pullman to answer questions propounded by Plaintiffs' attorneys during a series of depositions taken in Houston, Texas in December of 1976 and January of 1977. It is urged that counsel for Pullman has improperly instructed said witnesses not to answer certain categories of questions. Excerpts from said depositions classified into four categories are submitted in support of the instant Motion to Compel.

■ It appears to the Court that the instant Motion has been filed in the wrong Court. Rule 37(a)(1), Fed.Rules Civ.Proc. provides:

1. An action in which the Fluor Entities are Plaintiffs and Pullman is Defendant was thereafter transferred to this District from California. Said action which arises out of the con-

struction of the Woodward plant has been consolidated with the instant case.
2. A patent holder has standing to raise the infringement issue by way of a Counterclaim.

"(1) *Appropriate Court.* An application for an order to a party may be made to the court in which the action is pending, or, on matters relating to a deposition, to the court in the district where the deposition is being taken. *An application for an order to a deponent who is not a party shall be made to the court in the district where the deposition is being taken.*" (Emphasis supplied)

Defendant Pullman is a corporate entity. An individual designated by a corporate party pursuant to Rule 30(b)(6), Fed.Rules Civ.Proc. is treated as a corporate party in Rule 37(d), Fed.Rules Civ.Proc. Other corporate representatives or employees are treated as non-parties for the purposes of depositions. *Banks v. Travelers Insurance Co.,* 60 F.R.D. 158 (E.D.Pa.1973); Wright & Miller, Federal Practice and Procedure: Civil § 2103. In regard to the instant Motion, the Court has not been shown that any deponent not answering questions as aforesaid qualifies as a designated representative for Defendant Pullman and the Court determines it cannot compel such deponents to answer the questions giving rise to the instant dispute.

However, this Court having superintending authority over counsel for the parties in regard to the discovery being conducted in this action determines it should issue appropriate guidelines in regard to the handling of discovery disputes occurring during depositions in regard to the four categories of deposition questions subject to the instant Motion. The Court issues such guidelines as follows:

## INSTRUCTIONS BY COUNSEL AND REFUSAL BY WITNESSES BASED ON ALLEGED IRRELEVANCY

■ Plaintiffs assert the provisions of Rule 30(c), Fed.Rules Civ.Proc. provide that objections arising during depositions shall be noted by the reporter and then the evidence taken subject to the objections. Defendant Pullman in its Response urges that Rule 30(c), *supra,* is not applicable if the discovery sought is outside the scope of permissible discovery as established by Rule 26(b), Fed.Rules Civ.Proc. Rule 26(b)(1), *supra,* provides:

"*In General.* Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."

The cases of *Preyer v. United States Lines, Inc.,* 64 F.R.D. 430 (E.D.Pa.1973) and *Shapiro v. Freeman,* 38 F.R.D. 308 (S.D.N.Y.1965) both support Plaintiffs' contention that objections on the grounds of irrelevancy should be noted on the record and the deponent then be required to answer the question posed. Defendant takes the position that such cases included findings that the discovery sought was relevant. Such position is correct but incomplete because both cases state the questions should be answered after an objection on the grounds of relevancy is noted. The case of *Banco Nacional De Credito v. Bank of America N. T. & S.A.,* 11 F.R.D. 497 (N.D.Cal.1951) relied upon by Defendant in support of its contention that the scope of discovery should be first limited to relevancy contains an excellent discussion in regard to the procedures available during the taking of a deposition concerning disputes as to the relevancy of questions posed wherein the Court stated:

"Basically the propriety of probing any matter within the knowledge of deponent is dependent upon relevancy—and relevancy, especially at the pre-trial stage, is very liberally construed. If the facts exposed are not evidentially a part of the corporate defendant's deposition, the court will ignore them at the trial. If

deponent objects to the questions asked, the proper procedure is for him to answer and note his objections in the deposition. *Dellefield v. Blockdel Realty Co. Inc.,* D. C., 40 F.Supp. 212. At any time during the taking of the deposition the deponent or any party, upon a showing that the examination is being conducted in bad faith or in such a manner as unreasonably to annoy, embarrass or oppress, may move the court to terminate or limit the examination. Rule 30(d). These safeguards, the first of logic, the others of procedure should suffice to protect a party who is objecting in good faith."

The Court finds that the procedures noted above should be followed in this case. The harm caused by being required to take additional depositions of a witness who fails to answer a question based on an improperly asserted objection far exceeds the mere inconvenience of a witness having to answer a question which may not be admissible at the trial of the action. This seems to be the very purpose of the provisions of Rule 30(c), *supra.* The safeguards contained in Rule 30(d), Fed.Rules Civ.Proc. protect against bad faith discovery practices which would include frequent or persistent inquiry into matters outside the permissible scope of discovery allowed pursuant to Rule 26(b)(1), *supra.* In regard to routine objections based on relevancy, such objections should be noted on the record and witnesses should thereafter answer the question.

## INSTRUCTIONS BY COUNSEL AND REFUSAL BY WITNESSES SKILLED IN THE ART OF THE PATENT IN SUIT TO ANSWER QUESTIONS INVOLVING AN INTERPRETATION OF SUCH PATENT

█ Plaintiffs assert the provisions of 35 U.S.C. § 112 which appear to apply to the drafting of patent applications permits the discovery designated above. The portion of said statute relied upon states:

"The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall set forth the best mode contemplated by the inventor of carrying out his invention."

It is argued that witnesses skilled in patent specifications are competent to give interpretive opinions concerning such specifications. It is further urged that such testimony is proper pursuant to Rules 703 and 704, Fed.Rules Evidence as constituting opinion evidence by expert witnesses.

Defendant Pullman appears to respond to this issue by stating that the statute relied upon is only for the purpose of allowing a person skilled in the art to make and use the invention. Said Response also appears to contain an assertion that the questions involved in this Motion seeking patent interpretation do not serve to narrow the issues in this litigation and are thus improper.

The Court having determined that the Motion has been improperly asserted in this Court chooses not to examine the particular deposition questions involved in this issue. However, a consideration of the bare proposition involved appears to lead to the conclusion that interpretation of patent provisions is a central issue in this litigation and the general liberal rules in regard to discovery apply to such issue. If the subject of inquiry is not privileged, and is relevant, the questions should be answered as set out above in regard to general objections.

## INSTRUCTIONS BY COUNSEL AND REFUSAL BY WITNESSES SKILLED IN THE ART OF THE PATENT IN SUIT TO INTERPRET DOCUMENTS DIRECTED TO SUCH ART

Plaintiffs urge that the state of prior art is a proper subject of inquiry in a patent case to include an analysis of the differences of the claims at issue and the scope and contents of the prior art. *Graham v. John Deere Co.,* 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966). It is urged that Pullman's witnesses to include the inventors

themselves should be required to testify in regard to prior art documents.

An examination of Defendant's Response does not readily disclose its position in regard to this portion of Plaintiffs' Motion.

The Court determines that Plaintiffs' contentions appear to be sound and the general rules as set out above would apply as to inquiry as to the state of the prior art. Deposition questions directed towards the state of the prior art should be answered if relevant and not privileged.

INSTRUCTIONS BY COUNSEL AND RE-FUSAL BY WITNESSES TO AN-SWER QUESTIONS ON THE BASIS OF ALLEGED ATTORNEY–CLIENT AND/OR WORK PRODUCT PRIVI-LEGE

Plaintiffs appear to argue in great depth that Defendant Pullman's witnesses have improperly invoked such privileges in many instances. Defendant in its response argues in great depth that such privileges have been properly asserted in the depositions in question. The Court will consider the specific deposition proceedings giving rise to the instant Motion. However, as privileged matters must be treated differently from general objections in regard to depositions, the Court finds a general discussion is called for in regard to such matters.

■ A strict application of the provisions of Rule 30(c), *supra,* that evidence objected to shall be taken subject to objections being noted cannot be followed as to a privilege asserted during a deposition because such disclosure would undermine the protection afforded by the privilege and would constitute a waiver of such privilege. See *Preyer v. United States Lines, Inc., supra.* Of course, the general rules as to the scope of discovery as set out heretofore excludes discovery of privileged matter.

This Court dealt with the attorney-client privilege in general in its Order of December 30, 1976 in the companion case number CIV–76–0332–D. The attention of the parties is also directed to the case of *Hogan v. Zletz,* 43 F.R.D. 308 (N.D.Okla.1967), af-firmed substantially in *Natta v. Hogan,* 392 F.2d 686 (Tenth Cir. 1968) which cases set out the standards to be applied in considering whether the attorney-client privilege is properly asserted.

■ As noted by this Court in *Hogan v. Zletz, supra,* the work-product rule differs from the attorney-client privilege. The work-product rule is treated specially in Rule 26(b)(3), Fed.Rules Civ.Proc. It constitutes a qualified immunity from discovery of the lawyer's work-product. *Hickman v. Taylor,* 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). In asserting the work-product immunity during the taking of a deposition, it would appear that same should be treated like a privilege in order to preserve the interests sought to be protected.

The Court determines that the instant Motion to Compel as joined in should be stricken without prejudice to asserting same in the proper District. It is desired that the parties proceed with future deposition discovery in accordance with the guidelines the Court has set out in this Order.