**INTERNATIONAL UNION OF ELECTRICAL, RADIO AND MACHINE WORKERS, AFL–CIO, and ITS Local 186, Plaintiffs,**

v.

**WESTINGHOUSE ELECTRIC CORPORATION, Defendant.**

Civ. A. No. 79–1735.

United States District Court, District of Columbia.

Sept. 4, 1981.

Winn Newman, James G. Mauro, Jr., Woody N. Peterson, Washington, D.C., for plaintiffs.

John Joseph Cassidy, Martin D. Minsker, Seth Waxman, Herbert J. Miller, Jr., Miller, Cassidy, Larroca & Lewin, Washington, D.C., for defendant.

## MEMORANDUM OPINION

FLANNERY, District Judge.

This matter comes before the court on defendant Westinghouse Electric Corporation's motion to compel discovery and for sanctions against plaintiffs, International Union of Electrical, Radio and Machine Workers (hereinafter "IUE") and its Local 186. In particular, defendant seeks to compel plaintiffs' representative to answer certain questions propounded to him on deposition.

### FACTS

This dispute arises out of the failure of plaintiffs' representative, Mr. Willis Robinson,[1] to answer certain questions asked by defendant on deposition in Charlotte, North Carolina. Mr. Robinson refused to answer defendant's questions based upon instructions from plaintiffs' counsel not to do so. Plaintiffs' counsel instructed Mr. Robinson not to answer sixteen of defense counsel's questions on the basis of objections to the relevancy of these questions. Plaintiffs maintain that defense counsel's questions are directed to an issue, whether the original certification of IUE as the collective bargaining representative for the Charlotte Apparatus Repair Plant was proper, which has already been litigated between the parties[2] and which therefore, according to principles of *res judicata* and/or collateral estoppel, cannot be relitigated by defendant in this court. As such, plaintiffs maintain that inquiry into this area is irrelevant to the case at bar and that discovery on this issue is therefore improper under Federal Rule of Civil Procedure 26(b)(1).

Defendant maintains, however, that the disputed issue can be relitigated before this court[3] and that the information requested is therefore relevant. This response to plaintiffs' objection notwithstanding, defendant further maintains that it was improper for plaintiffs' counsel to instruct Mr. Robinson not to answer the proposed questions since under Federal Rule of Civil Procedure 30(c) the proper course of conduct is for counsel to note an objection to the question, but then to allow the answer to be given, subject of course to later exclusion by the court at a ruling on the merits of the objection.

### DISCUSSION

#### I. *Motion To Compel*

The issue in this case presents a direct clash between two provisions of the Federal Rules of Civil Procedure: 1) Rule 26(b)(1) which provides that "[p]arties may obtain discovery regarding any matter, not privileged, *which is relevant to the subject matter involved* in the pending action," (emphasis supplied), and 2) Rule 30(c) which provides that upon examination at a deposition "[e]vidence objected to *shall be taken subject to the objections.*" (Emphasis supplied.) Confronting an objection based on relevancy, the two rules appear to be mutually exclusive. Following Rule 30(c) to the letter makes discovery of irrelevant material possible in contravention of Rule 26(b)(1); conversely, permitting a refusal to answer questions directed at arguably irrelevant material expressly violates the strictures of Rule 30(c). The determination of which rule should control the instant situation involves an analysis of the policies underlying the Federal Rules.

#### Rule 30(c)

The provisions of Rule 30(c) are obviously intended to expedite and to simplify the discovery process.

> At the taking of a deposition, the witness will be examined and cross-examined by counsel for the parties in the same fash-

---

1. Mr. Robinson is presently the international representative for IUE. *See* Plaintiffs' Opposition to Motion to Compel at 5.

2. This issue has been litigated three times according to plaintiffs.

3. The merits of this issue cannot be resolved by the court at this time.

ion as at a trial, with one important exception. If there is objection to a question, the reporter will simply note the objection in the transcript and the witness will answer the question despite the objection. The court can consider the objection if the deposition is offered at the trial, and at that time will refuse to allow reading of the answer to any question which was properly objectionable. If the witness refuses to answer a question put at a deposition, the examination may be adjourned, or completed on other matters, and application then made to the court to compel an answer. This is undesirable, since it delays the deposition and brings the court into a process which is intended to work largely without judicial supervision.

Wright, *Law of Federal Courts* 420, Oral Depositions § 84 (3d ed. 1976); *accord Grace & Co. v. Pullman, Inc.*, 74 F.R.D. 80, 84 (D.Okl.1977). The sole case in this jurisdiction discussing this issue agrees that answering the question, despite the objection, is the better policy.

Finally, the Court would observe that in most cases . . . the better practice is for attorneys to note their objections, but permit their clients to answer questions—leaving resolution of the objection to pretrial or trial. This approach conserves the parties' or witnesses' time and money, as well as judicial resources, and expedites the trial of the lawsuit. Furthermore, the objections may become moot by disposition of the case before trial or abandonment by the party at the time of trial.

*Drew v. Sulphite & Paper Mill Workers*, 37 F.R.D. 446, 449–50 (D.D.C.1965). The *Drew* court also referred specifically to a refusal to answer on grounds of irrelevancy: "[p]laintiff also objected on the ground of irrelevancy, which is clearly proper within Rule 26. However, such an objection does not warrant a refusal to answer questions . . . ." *Id.*

The cases from other jurisdictions which have construed Rule 30(c) in the context of an attorney instructing a witness not to answer particular questions take even a stronger stance on upholding the provisions of the rule. *See, e. g., Ralston Purina Co. v. McFarland*, 550 F.2d 967, 973 (4th Cir. 1977) (counsel's action indefensible and utterly at variance with Rules' discovery provisions); *Lloyd v. Cessna Aircraft Co.*, 74 F.R.D. 518, 519 (E.D.Tenn.1977) (government counsel's conduct wholly improper); *Shapiro v. Freeman*, 38 F.R.D. 308, 311–12 (S.D.N.Y.1965) (counsel had no right whatever to instruct witnesses not to answer). Further, in a recent opinion relying on the above-noted principles to overrule a challenge to his own court order requiring all attorneys to refrain from instructing witnesses not to answer questions, Judge Edelstein cited these principles as being well-established. *United States v. International Business Machines Corp.*, 79 F.R.D. 378, 381 (S.D.N.Y.1978); *accord* Wright & Miller, *Federal Practice and Procedure* § 2113 at 419 n.22 (1970).

Although the above-noted principles establish that Rule 30(c) should be followed whenever possible, it is nonetheless clear that a firm application of the rule should not be followed in every case. For example, Rule 30(c) should not mandate disclosure of trade secrets or privileged information merely because such information is sought through a question asked on deposition, *see Perrignon v. Bergen Brunswig Corp.*, 77 F.R.D. 455, 460–61 n.4 (N.D.Cal. 1978); strict application of the rule in these contexts would undermine the values traditionally thereby protected. In some cases then, the mere fact of revelation of some types of information, regardless of its later use or non-use at trial, is sufficiently onerous to justify an exception to the policies of Rule 30(c). Recognizing this, however, the bounds of these exceptional situations must be structured so as not to emasculate the rule. Therefore, the touchstone for determining the existence of such an exception to Rule 30(c) should be the potential harm from disclosure, *cf. Preyer v. United States Lines, Inc.*, 64 F.R.D. 430, 431 (E.D.Pa.1973) (indicating rule might not be applicable where refusal to answer is based upon claim of privilege); in the absence of a showing

of some serious harm likely to result from responding to any given question, the policies behind Rule 30(c) require the answer to be given.[4]

 Ordinarily,[5] therefore, objections based merely on an assertion of irrelevance, such as that in the instant case, will not be exempted from the provisions of the rule. *See id.* (when objection merely based on irrelevance, rule should be strictly applied). Although use of this approach may lead to the disclosure of some material arguably protected from discovery under another provision of the Federal Rules (i. e. disclosure of irrelevant, nonharmful material), it must be recognized that only through such a compromise is it possible to avoid totally eviscerating either Rule 30(c) or the corresponding protections of another discovery rule, such as Rule 26(b)(1).

II. *Motion for Sanctions*

Defendant has also requested this court to impose sanctions, in the form of costs and attorney's fees, upon plaintiffs because, in defendant's opinion, there was no authority whatsoever justifying plaintiffs' counsel's conduct. The award of such sanctions is governed by Federal Rule of Civil Procedure 37(a)(4), which provides, in pertinent part:

> If the motion is granted, the court *shall*, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, *unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.*

(Emphasis supplied.)

 Upon consideration of the precedents discussed in part one of this Opinion

and the explicit language of Rule 30(c), this court finds no substantial justification for the action of plaintiff's counsel in this case. Further, there is no indication of any other mitigating circumstances such as might make an award of expenses unjust.

---

**4.** When such harm can be shown, however, the objecting attorney should normally also seek a protective order under Rule 30(d).

**5.** Of course, in an exceptional situation harm might result solely from answering an irrelevant line of questioning. For example, the

questions might be directed to a sensitive part of the witness' past; being required to answer such sensitive questions when they are in no way related to the pending suit could produce the harm necessary to generate an exception to Rule 30(c).