John H. HAMPTON, Jr.,

v.

The PENNSYLVANIA RAILROAD COMPANY.

Civ. A. No. 27728.

United States District Court
E. D. Pennsylvania.

March 14, 1962.

Donald J. Farage, Philadelphia, Pa., for plaintiff.

Arthur W. Leibold, Jr., and Philip Price, Philadelphia, Pa., for defendant.

WOOD, District Judge.

■ Plaintiff has filed a motion invoking the provisions of Rule 37 of the Federal Rules of Civil Procedure, 28 U.S. C.A. and asks the Court to direct the witnesses named to answer specific questions, and, in addition, to answer general questions on depositions, they having previously appeared and been examined extensively on the issues involved in the case. Plaintiff has not shown us in his argument or brief any authority for the taking of general depositions under the provisions of Rule 37 except to state that the defendant failed to invoke the provisions of Rule 30(a), (b) and (d) at the time the original depositions were taken. We are unable to conclude that this fact is authority for our compelling the witnesses to appear again for general depositions.

Of course, Rule 37 specifically authorizes the Court to direct answers to specific questions by witnesses. Plaintiff has listed with his motion twelve questions which he alleges the defendant's counsel directed the witnesses not to answer and which, he avers, he is entitled to have answers made thereto.

■ We have carefully examined the briefs and depositions submitted to us, as well as quoted references to the interrogatories and answers to requests for admissions heretofore made a part of the discovery proceedings in this matter. It is our considered opinion that all of the information relevant to the issues raised in this case necessary to the proper preparation of the same have been made available to counsel for plaintiff. We point out that we are not determining this issue on the basis of admissibility of evidence but only on the basis of relevancy and preparation. In our opinion, whether or not at the time the questions were answered counsel properly advised the witnesses not to answer is moot. The issue as we see it is whether the defendant now, in the light of the former depositions, interrogatories and admissions, should be compelled to again produce the witnesses for either general depositions or compelling answers to specific questions. In our opinion, to direct them to do so would constitute harassment and an undue burden on the defendant without justification for the reasons above set forth. Therefore, the following Order will be entered:

### ORDER

And now, to wit, this 14th day of March, 1962, IT IS HEREBY ORDERED that plaintiff's motion under Rule 37 is denied.