**Eugene J. KEOGH, Plaintiff**

**v.**

**Drew PEARSON and The Washington Post Company, Defendants.**

**No. Civ. A. 3788–62.**

United States District Court
District of Columbia.
March 12, 1964.

Eugene J. Keogh, pro se, Washington, D. C., Philip Handelman, New York City, of counsel, for plaintiff.

John Donovan, Washington, D. C., for defendant Drew Pearson.

Fontaine C. Bradley, James H. McGlothlin, Washington, D. C., for defendant The Washington Post Co.

SIRICA, District Judge.

This is an action for libel, alleging malicious defamation of the plaintiff, Eugene J. Keogh, a member of Congress from the State of New York, by defendant, Drew Pearson, contained in two syndicated articles appearing in several newspapers, among them the newspaper published by defendant, Washington Post Company. The articles appeared in the Post on December 12, 1961, and February 19, 1962.

Plaintiff seeks both compensatory and punitive damages.

Defendant Pearson (hereinafter referred to as "defendant") was deposed for four days during May and June of 1963. A subpoena which was served on him directed that he produce several documents at the deposition hearing.

Plaintiff now moves for an order compelling answers to certain questions which defendant refused to answer during the deposition hearing, and compelling the production, pursuant to subpoena, of documents which defendant has thus far not produced.

### I

Objections were made to several questions propounded to the defendant because they were directed to the defendant's intent in writing the articles. The principal ground in support of the objections was that "the columns speak for themselves."

The United States Supreme Court has just stated that the issue of intent is relevant in libel suits brought by public officials. Mr. Justice Brennan, speaking for the Court, said:

"The constitutional guarantees require, we think, a federal rule that prohibits a public official from recovering damages for a defamatory falsehood relating to his official conduct unless he proves that the statement was made with 'actual malice'

—that is, with knowledge that it was false or with reckless disregard of whether it was false or not." New York Times Co. v. Sullivan, 84 S. Ct. 710, 726.

This Court believes that if intent is to be an issue at trial (and plaintiff has made it clear that he intends to prove malicious intent at trial), then it becomes an issue now at the discovery stage. Defendant will have the opportunity to explain what he meant by the articles, or any portion thereof, if this becomes necessary during the trial. If this opportunity will be afforded defendant during the trial, the opportunity to question defendant concerning his intent should be afforded plaintiff during the discovery proceedings.

Considering the items in plaintiff's "Excerpts from Transcript of Deposition of Drew Pearson," the Court makes the following rulings:

Item 1 is objected to because it is repetitious and argumentative. The Court sustains the objection.

Item 2 contains objections based upon the ground that the issue of intent is irrelevant. These objections are overruled for the aforementioned reasons.

Item 3 is covered by a later question and is therefore repetitious. The objection is sustained.

Item 4 contains a question which is indeed "fatuous" and immaterial and need not be answered. This question has nothing to do with the alleged malicious intent of defendant.

Item 5 contains two questions, the first of which is not repetitious since it does concern itself with the motivation behind the reporting of the alleged facts, whereas the questions on Tr. p. 150 (deposition transcript page 150) go to the bare truth of the facts as reported. Therefore, the first question must be answered. The second question is concerned with the issue of malice and must be answered.

In Item 6, insofar as the objection concerns the first question asked, the objec-tion is moot, since the question was answered. The second objection, which attacks the second question as being argumentative and misleading, is well founded and, therefore, that question need not be answered.

As for Item 7, it contains several questions which are met by various objections. The objections based upon irrelevancy are overruled for the reasons heretofore stated. The objections to the questions about the 1952 column are sustained because of the remoteness in point of time of the evidence sought.

Item 8 concerns itself with the question of intent and is, therefore, relevant.

Insofar as the questions in Item 9 concern themselves with the intent behind the matters occurring some ten or eleven years before the alleged libelous articles, they are too remote. Where the questions pertain to the intent behind the 1961 and 1962 articles, containing the alleged libels, they must be answered.

Item 10 contains objections in two main categories—remoteness and irrelevancy. The objections based upon the ground of remoteness are sustained; the objections based upon the ground of irrelevancy are overruled.

Item 11 is concerned with the question of intent alone and, therefore, all questions must be answered.

Item 12 contains many objections based upon the irrelevancy of defendant's intent, and they are overruled. The question on Tr. p. 285 ("Did you, in your articles, intend the innuendo that Mr. Keogh was, in fact, a bad Congressman?") is argumentative, as is the next question ("Did you intend the innuendo in your articles that Mr. Keogh accepted bribes?"), and, therefore, the objections are sustained as to those two questions.

Item 13 includes an objection to a repetitious question, which is sustained. Another objection, based upon the ground that the column "speaks for itself," is overruled.

■ Item 14 deals with intent again and the objections must be overruled, with the exception of the question on Tr. p. 294 ("And even though you have now been sued in connection with this very article, Mr. Pearson, do you tell me that you have not considered it of sufficient importance to discuss the source of that statement with Mr. Anderson or anyone else in any other but a casual way * * * as stated by you?"), which is irrelevant.

Item 15 contains two argumentative questions, Tr. p. 301, lines 10 and 22; the objections thereto are sustained. The other questions in Item 15 must be answered, except that the reference to the year 1949 again raises the objection of remoteness, and the objection thereto is sustained (Tr. p. 302).

Item 16 must be answered in all respects, since the objections are based entirely upon the contention that the issue of intent is irrelevant.

Item 17 contains an objection based upon the argumentative nature of a question and the same irrelevancy objection. The Court feels that the question is argumentative. Objection sustained.

■ In view of the exhaustive oral examination of defendant, covering four days, the Court feels that no good purpose would be served by further oral examination. Therefore, the answers to the questions which the Court has ordered shall be made in writing, within fifteen days of the entry of an appropriate order.

## II

Several items of plaintiff's subpoena have not been complied with by defendant.

■ Item 2 seeks all newspaper columns written by defendant between 1948 and 1962. If these columns were under the exclusive control of defendant, the Court might be ready to order their production. But these columns are readily available at the Library of Congress. Plaintiff cannot expect defendant to do his work for him. Aktiebolaget Vargos v. Clark, 8 F.R.D. 635, 636 (D.D.C.1949);

Riss & Co. v. Assn. of American Railroads, 23 F.R.D. 211, 212 (D.D.C.1959). Therefore, the columns need not be produced.

■ Item 3 requests information concerning the names and circulation figures of the newspapers publishing defendant's articles between 1948 and 1962. This information should be in the possession of the Bell Syndicate, which distributes defendant's columns. The Bell Syndicate should be subpoenaed, and, if any documents are privileged, the privilege should be claimed by the Bell Syndicate. Therefore, the defendant need not produce these records.

The data called for in Item 4 need not be produced for the same reason as stated with respect to Item 3.

■ Item 5 requests information which defendant states he does not have. Specifically, plaintiff asks for all radio and TV scripts and tapes relating to any reference to plaintiff in any broadcast between 1948 and 1962. Since defendant asserts that he does not have them in his possession, compliance cannot be compelled. Therefore, this material need not be produced.

The information requested in Item 6 cannot be complied with because of the reasons stated with respect to Item 5.

The Olga Davis memorandum listed in Item 10 might not be protected by the attorney-client privilege, but it is too remote in point of time to be relevant to the issue of malice alleged in the complaint. Therefore, it need not be produced.

■ Finally, Item 12 seeks a copy of a memorandum delivered by defendant to the Attorney General of the United States around 1950. Although again the document should have been subpoenaed from the Attorney General, it is nonetheless too remote in time to be relevant to the issue of malice. Therefore, it need not be produced.

## III

■ Plaintiff requests an order, pursuant to Rule 37(a) of the Federal Rules

of Civil Procedure, requiring the payment of court costs and attorney's fees incurred by the filing of this motion to compel answers.

The rule explicitly states that such payment shall be ordered only if "the court finds that the refusal [to answer] was without substantial justification." No such showing has been made here, and the motion for such an order is therefore denied.

## IV

**■** Finally, both defendants have again raised their objection to plaintiff's conduct of his case both *pro se* and with the aid of an attorney. There is no constitutional right to representation both *pro se* and by one's attorney. Brasier v. Jeary, 256 F.2d 474, 478 (8th Cir. 1958). This is just what plaintiff has been doing, notwithstanding the protestations of plaintiff's attorney that he is merely "of counsel" to plaintiff. If he were merely "of counsel" he would not have been burdened with the responsibility of taking the deposition of defendant or conducting the oral argument of the instant motion before this Court. Plaintiff himself would have done this.

Local Rule 4(b) of this Court reads as follows:

"LOCAL ATTORNEY. If an attorney appearing for a party does not have an office in the District of Columbia, there shall within ten days be joined of record in such appearance a member of the bar of this Court having an office in said District, in default of which the Court may strike all pleadings of such party.

In June of 1963, the plaintiff indicated before Judge Pine of this Court his intention to comply with Rule 4(b):

"THE COURT: Who is the moving party?
"MR. HANDELMAN: Your Honor, I suppose I should apprise you that Mr. Keogh has been appearing in person. I have been of counsel to

him, and I was just admitted today but I have still not filed a substitution since I have no office here but I will subsequently."

Plaintiff's attorney shall either comply with Rule 4(b), and plaintiff himself shall withdraw his *pro se* appearance, or plaintiff's attorney shall hereafter refrain from appearing in open Court in the role of plaintiff's attorney but shall be only "of counsel" to plaintiff, who shall appear personally in his own behalf in connection with future proceedings. The plaintiff and his attorney will have fifteen days from the entry of the order in this matter to comply with the ruling of this Court.

Counsel shall submit an appropriate order.