**UNITED STATES of America, Plaintiff,**

v.

**INTERNATIONAL BUSINESS MACHINES CORPORATION, Defendant.**

**No. 69 Civ. 200 (DNE).**

United States District Court, S. D. New York.

July 5, 1978.

U. S. Dept. of Justice, Antitrust Div., Washington, D.C., for plaintiff.

Cravath, Swaine & Moore, New York City, for defendant.

### MEMORANDUM

EDELSTEIN, Chief Judge:

The matters to be determined by the court in this Memorandum are two-fold.

They are brought before the court upon motion[1] of defendant, International Business Machines Corporation [hereinafter IBM], whereby defendant seeks (1) an order sustaining objections by IBM to six questions propounded by plaintiff, United States at the deposition of A. Ray Speer on May 19, 1978; and (2) an order vacating paragraph (3) of the court's order of May 12, 1978.

*IBM OBJECTIONS TO QUESTIONS PROPOUNDED BY PLAINTIFF AT THE DEPOSITION OF A. RAY SPEER*

██ A. Ray Speer, an employee of Compac Services, Inc., is listed by IBM as an intended trial witness during IBM's direct case in the above-captioned action. At the deposition of Mr. Speer, plaintiff propounded a series of six questions each of which related to information which may have been the subject of discussion at an earlier interview between Mr. Speer and IBM counsel and IBM representatives. The six questions are as follows:

1) Focusing still on the May 17, 1978 meeting, did you discuss your DP experiences prior to June 1967 during that May 17, 1978 meeting?

2) During the May 17, 1978 meeting, did you discuss your data processing experiences while employed at Continental Bank in Arizona from June 1967 to May 1974?

3) Did you discuss your data processing experiences during the May 17, 1978 meeting, those experiences being while you were at Compac Services in Kansas City from May 1974 to the present?

4) What were the general topic areas discussed at the May 17, 1978 meeting?

5) Was the acquisition by Compac Services, your employer, of the attached processor (AP) for the 370/158 computer system discussed?

6) What facts did you relate or tell to IBM counsel or IBM representatives during the May 17, 1978 meeting concerning the acquisition of the attached processor (AP)?

IBM objected to the questions and terminated the deposition of Mr. Speer. IBM now moves the court for an order sustaining its objections to these six questions.

IBM contends that by these six questions plaintiff is seeking to discover work product of IBM counsel to which plaintiff is not entitled. Plaintiff asserts no work product is at all involved, but rather that the questions were designed to elicit facts for purposes of cross-examination of Mr. Speer at trial. Plaintiff further asserts that, if responsive answers to the questions would indeed reveal the work product of IBM counsel, plaintiff is nevertheless entitled to have the questions answered under the applicable standard contained in Rule 26(b)(3) of the Federal Rules of Civil Procedure. The court does not need to reach this latter assertion, since the information sought by plaintiff is not the work product of IBM counsel. The court determines that IBM's objections to the six questions here in issue must be overruled.

IBM relies upon language appearing in the Second Circuit decision in *International Business Machines Corporation v. Edelstein*, 526 F.2d 37 (2d Cir. 1975), in support of its position that answers to the questions would reveal work product. The Second Circuit stated,

[a] lawyer talks to a witness to ascertain what, if any, information the witness may have relevant to his theory of the case, and to explore the witness' knowledge, memory and opinion—frequently in light of information counsel may have developed from other sources. This is part of an attorney's so-called work product. *Id.* at 41 (footnote omitted).

The Second Circuit was deciding, however, whether the court could require that wit-

1. Both plaintiff and defendant erroneously state, in their respective Statements Pursuant to Trial Order No. 3, that this motion is made pursuant to Local General Rule 9(c)(2). In fact, this motion, seeking relief under Federal Rule of Civil Procedure 26(c) is made pursuant to Local General Rule 9(c)(1).

ness interviews be held in the presence of counsel for *both* parties unless a stenographic transcription of the interview were made available to opposing counsel and the court. That is a vastly different situation from the one presented here. The presence of plaintiff's counsel at IBM interviews necessarily would reveal the comments and questions of IBM counsel giving plaintiff's counsel access to, in the Second Circuit's judgment, the work product of IBM counsel. Answers to the six questions will not have the effect of making such information available to plaintiff, but would simply reveal information related by Mr. Speer to IBM counsel. Such information falls completely outside any work product protection.

As plaintiff correctly points out in its Memorandum in Opposition to the instant motion, "viewed individually, or collectively, the [six] questions will only yield facts, not defendant work product." [2] Put another way, what plaintiff is asking for is the recollection of the deponent's participation at the interview; plaintiff is not seeking information from counsel for IBM.

There is nothing in *IBM v. Edelstein* or in *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947), upon which the Second Circuit so greatly relied, to suggest that IBM's objections on the basis of work product protection have any merit. *IBM v. Edelstein* does not stand for the proposition that a deponent may not be asked to relate what he told opposing counsel at a previous interview on the ground that such information constitutes the work product of opposing counsel. Indeed, that issue was not before the appellate court. Moreover, in *Hickman*, the Supreme Court held that an attorney's memoranda of interviews with witnesses was work product and not discoverable except upon a showing of good cause. The Supreme Court did not hold or even intimate that opposing counsel could not subsequently inquire of the witnesses themselves what they said at the interview. Fed.R.Civ.P. 26(b)(3) is to the same effect.

Accordingly, the court concludes that IBM's objections to the six questions here in issue should be and are overruled.

### PARAGRAPH (3) OF THE COURT'S ORDER OF MAY 12, 1978

■ On May 12, 1978, this court entered the following Order:

WHEREAS, depositions of certain individuals are being taken in the above captioned case; and

WHEREAS, problems concerning the depositions have occurred and have come to the court's attention; and

WHEREAS, the court is determined that the depositions proceed expeditiously and without any disruption of or delay in the trial of the above captioned case;

IT IS HEREBY ORDERED THAT:

(1) The depositions shall proceed in strict compliance with the court's Orders and directions concerning the taking of depositions in this case;

(2) Objections at the depositions shall be stated on the record concisely and succinctly, without argument;

(3) Counsel for the parties may not instruct a deponent not to answer a question nor suggest in any way to the deponent that a question not be answered;

(4) The deponent's determination whether to answer a question shall be made by the deponent alone or upon advice of deponent's counsel.

/s/ David N. Edelstein
Chief Judge

Dated: New York, New York
May 12, 1978

Only paragraph (3) is the subject of IBM's present motion.

IBM seeks to have paragraph (3) of the May 12, 1978 Order vacated. IBM asserts that paragraph (3) "unnecessarily impairs [its] obligations to its witnesses and unnecessarily burdens the protection of IBM's and [its counsel's] substantive rights." [3]

---

2. Plaintiff's Memorandum in Opposition to the instant motion at 8.

3. Defendant's Memorandum in Support of the instant motion at 3.

Plaintiff's response to this second part of IBM's motion is brief and pointed. Plaintiff contends that the May 12, 1978 Order merely "limits the options available to either party during a deposition, but does not affect any substantial rights of the parties." Further, plaintiff "believes that [the procedure to be followed pursuant to the May 12, 1978 Order] will, in the long run, be most efficient in expediting the deposition program and avoiding disruption and delay."[4]

The court remains convinced that paragraph (3) of the May 12, 1978 Order is in all respects appropriate and should not be vacated.

Fed.R.Civ.P. 30(c) itself states that "[e]vidence objected to shall be taken subject to the objections." As stated in *Shapiro v. Freeman*, 38 F.R.D. 308 (S.D.N.Y.1965), with respect to the conduct of depositions:

> It is not the prerogative of counsel, but of the court, to rule on objections. Indeed, if counsel were to rule on the propriety of questions, oral examinations would be quickly reduced to an exasperating cycle of answerless inquiries and court orders. Alternatively, if the plaintiffs' attorney believed that the examination was being conducted in bad faith, that the information sought was privileged, or that the deponents were being needlessly annoyed, embarrassed, or oppressed, he should have halted the examination and applied . . . for a ruling on the questions, or for a protective order . . . . *He had no right whatever to impose silence or to instruct the witnesses not to answer, especially so when the witnesses were not even his clients. Id.* at 311–12 (footnotes omitted) (emphasis added).

See *Ralston Purina Co. v. McFarland*, 550 F.2d 967, 973 (4th Cir. 1977) ("the action of plaintiff's counsel in directing the deponent not to answer was highly improper"); *Drew v. International Brotherhood of Sulphite & Paper Mill Workers*, 37 F.R.D. 446, 449 (D.D.C.1965) ("the better practice is for attorneys to note their objections, but permit their clients to answer questions . . . .")

The order of May 12, 1978 was entered to memorialize directions made by the court on May 11, 1978 at an off the record conference with the parties held for the purpose of developing procedures which would insure the fair and efficient completion of ongoing depositions. Neither party expressed at the conference objection to the court's direction. Indeed, no mention of any dissatisfaction or disagreement with the order of May 12, 1978 was forthcoming until IBM noticed the instant motion on May 24, 1978, seeking to vacate paragraph (3) of the order. The court's directions at the conference and the subsequent written order simply make explicit in this case that which has long been well established. The court finds no basis for departing from these well established principles.

Defendant's motion is denied.

So ordered.

---

4. Plaintiff's Memorandum in Opposition to the instant motion at 12.