**In re FOLDING CARTON ANTITRUST LITIGATION.**

**This Document Relates to PILLSBURY CO.**

v.

**ALTON BOX BOARD CO. et al.**

**DEAN FOODS CO.**

v.

**ALTON BOX BOARD CO. et al.**

**BORDEN, INC.**

v.

**ALTON BOX BOARD CO. et al.**

**MDL No. 250.**
**Nos. 78C102, 78C103 and 78C5135.**

United States District Court,
N. D. Illinois, E. D.

June 28, 1979.

---

Francis J. McConnell, Anthony DiVincenzo, Edward F. Ruberry, McConnell & Campbell, Chicago, Ill., for plaintiffs Pillsbury Co., Borden, Inc., and Dean Foods Co.

Bryson P. Burnham, Mayer, Brown & Platt, Chicago, Ill., Henry L. King, Davis, Polk & Wardwell, New York City, for defendant International Paper Co., witness Bernard Riley.

Walter Barthold, Barthold & McGuire, New York City, for defendant International Paper Co., witness Francis Hart.

Allan N. Littman, Pillsbury, Madison & Sutro, San Francisco, Cal., for defendant Potlatch Corp., witness Fred Commerford.

James H. Ryan, McBride, Baker & Wienke & Schlosser, Chicago, Ill., for defendant Potlatch Corp., witness Richard Congreve.

John F. McLean, Pillsbury, Madison & Sutro, San Francisco, Cal., for defendant Potlatch Corp.

James G. Hiering, Keck, Mahin & Cate, Chicago, Ill., Frank C. McAleer, Arnstein Gluck, Weitzenfeld & Minow, Chicago, Ill., for defendant Eastex Corp., witness Gex Condit.

John T. Cusack, Gardner, Carton & Douglas, Chicago, Ill., for nonparty Westvaco Corp., witness Jack Wellener.

### PRETRIAL ORDER NO. 54

### MEMORANDUM AND ORDER

ROBSON and WILL, Senior District Judges.

This cause is before the court on the motion of plaintiffs Pillsbury Co., Dean Foods Co., and Borden, Inc., to compel certain deponents to answer questions on oral examination and for the assessment of costs. For the reasons hereinafter stated, the motion is granted in part and denied in part.

Plaintiffs Pillsbury Co., Dean Foods Co., and Borden, Inc., claim that Mr. Bernard Riley and Mr. Frank Hart of defendant International Paper Co., Mr. Fred Commerford and Mr. Richard Congreve of defendant Potlatch Corp., Mr. Jack Wellener of nonparty Westvaco Corp., and Mr. Gex Condit of defendant Eastex Co. refused to an-

swer deposition questions upon instruction of counsel on grounds other than privilege. Plaintiffs claim that these refusals to answer were made without any legal justification. Memoranda have been filed in support, in opposition, and in reply.

■ Initially, we note that plaintiffs have brought their motion to compel discovery without attempting to resolve this discovery dispute with opposing counsel in a conference required by General Rule 12(d) of the Rules of the United States District Court for the Northern District of Illinois. Plaintiffs suggest that a 12(d) conference was unnecessary because the deponents had ample opportunity to answer the questions at their deposition and because they continue to argue that no answer is required.

Plaintiffs' position is untenable. A 12(d) conference would have been particularly appropriate here where many of the questions for which plaintiffs seek answers were duplicative, fully answered when reformulated, or inappropriate as discussed *infra*. Where a reasonable question exists whether the deposition questions should be answered, we will rule against the plaintiffs who violated the provisions of local rule 12(d).

International Paper Co., Potlatch Corp., and Westvaco Co. claim, on behalf of their employees, that most of the questions subject to refusals to answer were actually answered when the questions were put in proper form and that the remainder of the questions were improper because they asked the witness to perform mathematical calculations, to read from and compare documents including documents which the deponents had never seen before, to answer based on demonstrably incorrect factual assumptions, and to answer questions asked and answered previously. Plaintiffs respond that they were entitled to have answers to the questions as phrased and that the deponents' refusals to answer constituted an usurpation of judicial authority to rule upon objections.

■ The law applicable to this Fed.R. Civ.P. 37(a) motion to compel is well-stated by 8 Wright & Miller, *Federal Practice and Procedure: Civil* § 2286, at 779–80 [hereinafter Wright & Miller]:

> A motion to compel a witness to answer questions put to him at a deposition should be granted if the questions are relevant and proper and denied if the questions call for privileged information or if an answer is otherwise unnecessary.

*See also 4A Moore's Federal Practice* § 30.-59, at 30–111–12.

■ An examination of the deposition questions of Bernard Riley and Francis Hart of International Paper Co., Fred Commerford and Richard Congreve of Potlatch Corp., and Jack Wellener of Westvaco Co., which were the subject of refusals to answer, demonstrates that further answers to the questions are unnecessary. 8 Wright & Miller, *supra* at 779–80. This is not a situation like that present in *Shapiro v. Freeman*, 38 F.R.D. 308, 311 (S.D.N.Y.1965) (Fed.R.Civ.P. 37(a) motion appropriate for refusal to answer deposition questions), where the counsel's direction to the deponent not to answer deposition questions denied inquiry into relevant subject matter and resulted in a complete waste of time to garner relevant evidence. Instead, the situation here is like that described in *Mortensen v. Honduras Shipping Co.*, 21 F.R.Serv. 432, 433 (S.D.N.Y.1955):

> [T]he witness answered most of the relevant questions put to him fully and frankly. The principal trouble seemed to be that the attorney for the plaintiffs failed to ask many of the questions with clarity and precision, and that the attorney for the plaintiff asked numerous questions which could be answered only by a study and research of the old documents of the defendant.

Here, many of the questions asked lacked clarity and precision to the point of being misleading and argumentative. The attorneys for the deponents properly objected to the form of the questions pursuant to Fed. R.Civ.P. 32(d)(3)(B). The refusals to answer properly came only with argumentative and misleading questions for which plaintiffs' attorneys insisted upon having answers to the point of harassment. *Keogh*

*v. Pearson*, 35 F.R.D. 20, 22–23 (D.D.C. 1964). Because the plaintiffs' attorneys subsequently rephrased these questions and received answers, it is moot whether the deponents were properly directed not to answer. *Hampton v. Pennsylvania Railroad Co.*, 30 F.R.D. 70, 71 (E.D.Pa.1962). The refusals were also proper for questions asked of Wellener of Westvaco Co. which were previously asked and answered to the point of harassment.

■■ Many of the other questions were improper as requiring a study and comparison of documents and the performance of mathematical calculations. For example, Riley of International Paper Co. was asked to read from documents and to confirm on the record that those documents said what they said and was also asked to perform mathematical calculations. This was improper for the reasons stated by the court in *Deep South Oil Co. v. Metropolitan Insurance Co.*, 25 F.R.D. 81, 82 (S.D.N.Y. 1959):

> As a general rule, the taking of an oral deposition pursuant to F.R.C.P. rule 26, should not be converted in effect into an interrogatory procedure (Rule 33) or an inspection procedure (Rule 34) by the device of asking a witness a series of questions the answers to which he does not know and then directing him to prepare or formulate answers by examining books or records, which answers would then simply amount to verbalization of what the witness found in the examined books or records.

In addition, Wellener of Westvaco Co. and Commerford of Potlatch Corp. were asked to interpret statements made in competitors' internal correspondence. Testimony about these documents by the deponents was outside of the parameters of their personal knowledge. Thus, they were not competent to testify about these documents that they had never seen before. Fed.R. Evid. 602. Deponents were properly instructed not to answer these questions.

■ The remainder of the questions asked of these deponents contained demonstrably incorrect factual assumptions which the examiner sought to impose upon the witnesses. Answers to these argumentative and misleading questions were not necessary. Granting leave to have these questions answered now would add nothing because of the incorrect factual assumptions forming the basis of the questions. *Keogh v. Pearson, supra* at 22–23.

■ Plaintiffs' motion as it concerns deponent Gex Condit of Eastex Packaging Co. presents an entirely different matter. Condit was instructed by his counsel only to answer questions having to do with milk cartons as distinguished from folding cartons. The refusal was based upon counsel's understanding of this court's ruling allowing Condit's deposition to proceed after the discovery cut-off. Counsel's direction was further based upon the representations of Mr. McConnell, plaintiffs' attorney, to the court concerning Condit's responsibility for milk cartons and the need to take a "milk carton" deposition after the discovery cut-off date. Plaintiffs respond that the court did not explicitly limit the examination to milk cartons and that even if the examination was limited to milk cartons, the interrelationship of milk cartons with folding cartons remained a relevant inquiry.

The limitation on the examination was improper. Throughout the discovery proceedings no inherent distinction has been made between milk cartons and folding cartons. Because Condit testified that he had overlapping responsibility for milk and folding cartons, it was appropriate for him to be examined on both product areas. Although Eastex did not sell folding cartons to the plaintiffs bringing this motion, questions by these plaintiffs are appropriate because Eastex could have bid on this business and because the sale of folding cartons is "relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party," Fed.R.Civ.P. 26(b)(1).

■ We will order the redeposition of Condit to allow questions concerning folding cartons. Nonetheless, we will not

award the plaintiffs costs against Condit or his counsel because the opposition was not "so unjustified as to warrant the imposition of costs." *Payne v. Howard*, 75 F.R.D. 465, 472 (D.D.C.1977).

For the reasons stated, it is therefore ordered that the motion of plaintiffs Pillsbury Co., Dean Foods Co., and Borden, Inc., to compel certain deponents to answer questions on oral examination is granted in part and denied in part.