Wesley COATES, Plaintiff,

v.

JOHNSON AND JOHNSON, a corporation, and Johnson and Johnson Baby Products Company, a corporation, Defendants.

No. 78 C 1342.

United States District Court,
N. D. Illinois, E. D.

March 14, 1980.

Heinz J. Brisske, Greene, Murphy, Jones & Brisske, Wheaton, Ill., and Judson H. Miner and Charles Barnhill, Jr., Davis, Miner & Barnhill, Chicago, Ill., for plaintiff.

George P. Blake, Michael G. Cleveland and Marian C. Haney, Vedder, Price, Kauman & Kammholz, Chicago, Ill., for defendants.

## ORDER

BUA, District Judge.

This action was brought by Wesley Coates ("plaintiff"), a black former employee of Johnson and Johnson and Johnson Baby Products Company ("Johnson & Johnson") pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Mr. Coates alleges that he was terminated by the company because of his race. On July 16, 1979, after considerable discovery had been concluded, plaintiff requested and was given leave to file an amended complaint. As amended, the complaint sets forth a second count under the Civil Rights Act of 1866, 42 U.S.C. § 1981, and seeks redress under both counts not only for Mr. Coates individually, but also for a class of blacks allegedly terminated by Johnson & Johnson due to their race, which class he seeks to represent. Jurisdiction is conferred on this court by 42 U.S.C. § 2000e–5(f) and by 28 U.S.C. §§ 1331 and 1343.

Shortly after the complaint was amended, Johnson & Johnson's counsel noticed a second deposition of Mr. Coates.[1] During this deposition, held on the 23rd of August, counsel for Mr. Coates instructed his client not to answer certain questions propounded by Johnson & Johnson. Consequently, on

---

1. Plaintiff's memorandum in support of the certification of the lawsuit as a class action was filed on August 8, 1979. By order dated September 13, 1979, defendants' time to respond was extended to twenty days after the redeposition of plaintiff or a final resolution of defendants' motion for an order compelling plaintiff to answer deposition questions and for costs and attorney's fees.

August 31, 1979, defendants moved this court for an order compelling plaintiff to answer deposition questions.[2] On September 20, 1979, plaintiff filed a motion for a protective order terminating the second deposition and filed a memorandum in opposition to the motion to compel and in support of the motion for a protective order.

After reviewing the memoranda submitted in support, in opposition, and in reply, on October 24, 1979 Magistrate Balog granted defendants' motion to compel within the parameters defined in his order, denied plaintiff's motion for a protective order and, finding that the plaintiff's motion was "completely unnecessary and without a legal basis," granted defendants costs, including attorney's fees, attendant to its opposition of the latter motion.

The cause is presently before this court on plaintiff's appeal of the Magistrate's ruling. Also before the court is plaintiff's motion for leave to file copies of additional affidavits and deposition transcript. For the reasons hereinafter stated, plaintiff's motions are denied.

Plaintiff appeals the Magistrate's denial of a protective order and award of costs and attorney's fees, arguing that it is not improper to instruct a client not to answer questions counsel deems offensive, and that the Magistrate was without jurisdiction to make an award of fees, or alternatively, was unjustified in making such an award.

Despite plaintiff's protestations to the contrary, the general rule in this district is that, absent a claim of privilege, it is improper for counsel at a deposition to instruct a client not to answer. If counsel objects to a question, he should state his objection for the record and then allow the question to be answered subject to his objection. Wright & Miller, *Federal Practice and Procedure*: Civil § 2113, at 419 n.22 (1970). As the court in *Shapiro v. Freeman*, 38 F.R.D. 308 (S.D.N.Y.1965), observed:

It is not the prerogative of counsel, but of the court to rule on objections. Indeed, if counsel were to rule on the propriety of questions, oral examinations would be quickly reduced to an exasperating cycle of answerless inquiries and court orders. Alternatively, if the plaintiffs' attorney believed that the examination was being conducted in bad faith, that the information sought was privileged, or that the deponents were being needlessly annoyed, embarrassed, or oppressed, he should have halted the examination and applied *immediately* to the *ex parte* judge for a relief on the questions, or for a protective order pursuant to Rule 30(d). (emphasis added; footnotes omitted).

*Id.* at 311–12. *See also, Plummer v. Local 130*, No. 77 C 1726 (N.D.Ill. November 19, 1979). Moreover, plaintiff's motion for a protective order is not countenanced by the Federal Rules of Civil Procedure. As Magistrate Balog correctly ruled, a 26(c) motion is appropriate only *before* the deposition commences, whereas a Rule 30(d) motion is appropriate only *during* the taking of the deposition.[3] Plaintiff's present problems appear to have been brought on by his counsel's improper actions. Even assuming *arguendo* that counsel's objections were meritorious, he merely had to sit back and await the outcome of defendants' motion to compel. Instead, counsel chose to bring a frivolous and unnecessary motion before the court which he himself admits added no new issues to the case.[4]

As regards the jurisdictional question, Local Magistrate Rule 1.01C provides in pertinent part:

Without limiting the general grant of authority in paragraph 1.01A above, the U.S. Magistrates in this district are authorized to perform the following duties in civil cases;

\* \* \*

---

**2.** By order dated August 31, 1979 the case was referred to Magistrate James T. Balog for hearings on discovery pursuant to Local Magistrate Rule 2.02.

**3.** *See* Magistrate's Memorandum, October 24, 1979, at 3–4.

**4.** Memorandum in Support of Plaintiff's Appeal of Magistrate's Ruling, at 5.

(3) Upon reference by a judge of this court, assist the judge in the conduct of pretrial proceedings, including but not limited to discovery under Rules 26–37 of the Federal Rules of Civil Procedure, . . . except those which involve ultimate decisions in the action (i. e., motions to dismiss, for judgment on the pleadings or for summary judgment), . . .

Plaintiff's suggestion that an award of expenses operates as an adjudication on the merits and, thus, is without the powers conferred by law is specious. The rule specifically enumerates those "ultimate decisions", i. e., "motions to dismiss, for judgment on the pleadings or for summary judgment," which a Magistrate may not decide. Furthermore, the rule explicitly encompasses those provisions of Rule 37, Fed. R.Civ.P. which authorize an award of expenses.[5]

■ Such an award is, by nature, discretionary and, after a review of the record this court does not find the relief to have been "clearly erroneous."[6] Rather, the record evidences that the Magistrate's reading of the Federal Rules is correct and his grant of relief on the merits of plaintiff's motion

is proper. *See* Magistrate's Memorandum at 3–5.

Thus, the denial of plaintiff's motion for a protective order and award of expenses to defendants is affirmed. Defendants' motion to compel remains to be addressed.

■ As a point of procedure, plaintiff first argues that under the rule of *In re Folding Cartons Antitrust Litigation*, 83 F.R.D. 132 (N.D.Ill.1979), the defendants' failure to have a Local Rule 12(d) conference precluded consideration of defendants' motion to compel.[7] *Folding Cartons*, however, is not dispositive of the issue. In that case the court stated:

. . . *where a reasonable question exists whether the deposition questions should be answered,* we will rule against the plaintiffs who violated the provisions of local rule 12(d). (emphasis added)

*Id.* at 134. The court went on to decide the motion partly for and partly against the plaintiffs. Although a 12(d) conference might have been helpful, the failure of the parties to so proceed is not sufficient to overturn the Magistrate's ruling, particularly in light of the Magistrate's finding to the contrary.[8]

5. Fed.R.Civ.P. Rule 37 provides in pertinent part that, if a discovery motion is denied:
the court shall, after opportunity for hearing, require the moving party or the attorney advising the motion or both of them to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust.

6. The Federal Magistrate's Act, 28 U.S.C. § 636(b)(1)(A), provides:
Notwithstanding any provision of law to the contrary—(A) a judge may designate a magistrate to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider

any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law.

7. General Rule 12(d) of the Rules of the United States District Court for the Northern District of Illinois provides that:
To curtail undue delay in the administration of justice, this court shall hereinafter refuse to hear any and all motions for discovery and production of documents under Rules 27 through 37 of the Federal Rules of Civil Procedure, unless moving counsel shall first advise the Court in writing that after personal consultation and sincere attempts to resolve differences they are unable to reach an accord. This statement shall recite, in addition, the date, time, and place of such conference, and the names of all parties participating therein.

8. Magistrate Balog found that "it is obvious from the memoranda of the parties and the plaintiff's deposition, p. 94, that a 12(d) conference as to both motions would have been fruitless." Magistrate's Memorandum at 2 n.1.

 Finally, plaintiff argues that the Magistrate's ruling is in error because the specific questions asked were objectionable. This court does not agree. Magistrate Balog was correct in finding inquiry into these areas to be "reasonably calculated to lead to the discovery of admissible evidence."[9] Absent a claim of privilege, answers should be given with any appropriate objection made of record.

 Two areas of inquiry, however, merit further comment. During the deposition, plaintiff twice objected on grounds of privilege.[10] Plaintiff summarily dismisses this issue by stating that ". . . the remaining unanswered questions concern conversations between plaintiff and his lawyer and are totally unrelated to any conceivable class issues." Reply Memorandum in Support of Plaintiff's Appeal of the Magistrate's Ruling at 19. The Magistrate correctly ruled that the question of when conversations took place is without the attorney-client privilege and must be answered. Magistrate's Memorandum at 10. Thus, the question should be answered. If Johnson & Johnson's counsel seeks to inquire into the substance of conversations between counsel and his client, an objection would be proper. *J. P. Foley & Co., Inc. v. Vanderbilt*, 65 F.R.D. 523 (S.D.N.Y.1974). This court further notes that insofar as Johnson & Johnson asks questions relating to the deponent's participation in conversations among deponent, counsel and Anderson Fain, the questions are without the scope of the work product privilege. *United States v. International Business Machines Corp.*, 79 F.R.D. 378 (S.D.N.Y.1978). Should Johnson & Johnson's counsel inquire into the mental impressions of plaintiff's counsel, an objection on grounds of privilege would be proper. *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947); *Ford v. Phillips Co.*, 82 F.R.D. 359 (E.D.Pa.1979).

In light of the foregoing, it follows that plaintiff's motion for leave to file additional affidavits attesting to the practice of instructing a client being deposed not to answer questions deemed objectionable, and the deposition transcript of a different and unrelated case, must be viewed as relating to issues no longer relevant. As that is so, said motion also is denied.

Accordingly, Magistrate Balog's ruling granting defendants' motion to compel, denying plaintiff's motion for a protective order, and awarding fees to the defendants is affirmed. The deposition of Mr. Coates is to be continued at a mutually convenient date within sixty days of the date of this order.[11]

---

9. Rule 26(b)(1), Fed.R.Civ.P.

10. The work product privilege was invoked when Johnson & Johnson sought to inquire into the content of conversations among plaintiff, plaintiff's counsel and Anderson Fain, another former employee of Johnson & Johnson. *See* Transcript of Plaintiff's Deposition, at 53–54. The attorney-client privilege was invoked by plaintiff's counsel when plaintiff was asked when he first heard that the action was going to be maintained as a class action. Transcript of Plaintiff's Deposition, at 76.

11. If the parties agree, the deposition may be continued before Magistrate Balog.