See also, D.C., 101 F.R.D. 323.

**UNITED NATIONAL RECORDS, INC.,**
**on behalf of itself and all others**
**similarly situated, Plaintiffs,**

**v.**

**MCA, INC., et al., Defendants.**

**No. 82 C 7589 and related cases.**

United States District Court,
N.D. Illinois, E.D.

April 24, 1985.

Robert A. Skirnick, Patricia I. Avery, Wolf, Popper, Ross, Wolf & Jones, New York City, Steven J. Greenfoger, Meredith & Cohen, P.C., Philadelphia, Pa., Granvil I. Specks, Specks & Goldberg, Chicago, Ill., for plaintiffs.

Robert A. Downing, Sidley & Austin, Chicago, Ill., for non-party deponent, Louis Sebok.

## ORDER

BUA, District Judge.

Before the Court is plaintiffs' motion to compel deposition testimony of Louis Sebok and for sanctions against Mr. Sebok and/or his counsel pursuant to Rule 37, F.R.C.P. For the reasons stated below, plaintiffs' motion is granted in part and denied in part.

Sebok, on advice of his counsel, refused to answer several questions at his deposition on February 11, 1985. Sebok advances essentially two reasons for his refusal to answer. First, the questions improperly probed the substance of attorney-client communications and second, the questions were repetitive of prior questions in the deposition.

■ This Circuit has adopted the Wigmore formulation of the attorney-client privilege:

(1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived.

8 Wigmore, Evidence § 2292 at 554 (McNaughton rev. 1961). *See In re Walsh*, 623 F.2d 489, 492 (7th Cir.1980). The burden of establishing the privilege rests upon the party asserting it. *In re Walsh*, 623 F.2d at 493. Although the privilege protects confidential communications, it does not protect the "attorney-client relationship as a whole." *Id.* at 493. Before a witness can claim the privilege, the witness must "establish the fact of an attorney-client relationship." *Id.* In order to determine the existence of the relationship, a witness may be questioned "as to the number of years during which the alleged relationship continued and the general nature of the legal services rendered." *Id.* at 494. "[T]he fact of communication between a known client and his attorney is not a privileged communication." *Id.*

The questions which plaintiffs seek Sebok to answer are as follows:

1. Was that [representation by Downing] in connection with the period of time you were employed by ABC? (Sebok Tr. 8:20–1)

2. What did you discuss with Mr. Mulhouse in 1980 during that conversation? (Sebok Tr. 35:20–1)

3. What did you say during the course of this conversation [with Mr. Mulhouse]? (Sebok Tr. 37:3–4)

4. Was this [representation by Mr. Downing] in connection with a personal matter? (Sebok Tr. 107:9–10)

5. Did he [Mr. Downing] represent you at all? (Sebok Tr. 111:4)

6. Do you expect this situation [the non-payment of legal fees to Mr. Downing for work performed] to be any different than before? (Sebok Tr. 112:5–6)

7. You already had a relationship with Mr. Kiernan, didn't you? (Sebok Tr. 117:10–11)

8. What did you say to him [Mr. Mulhouse] and what did he say to you? (Sebok Tr. 136:7–8)

9. Were you in contact with Mr. Mulhouse in connection with the Los Angeles grand jury proceeding? (Sebok Tr. 136:11–13)

10. What is your objection [to plaintiffs looking at your testimony before the Los Angeles grand jury]? (Sebok Tr. 137:20)

Several of the questions Sebok refused to answer on the grounds of privilege request information concerning the time period and general nature of his prior relationship with attorney Robert Downing. Accordingly, Sebok must answer, as numbered in plaintiffs' motion, question Nos. 1, 4 and 5.

Sebok refuses to answer question Nos. 2, 3, 8 and 9 on the grounds of privilege based upon his relationship with attorney Mulhouse. Mr. Mulhouse represented Sebok when Sebok appeared before a grand jury in New Jersey. After Sebok testified before the Los Angeles grand jury, he telephoned Mr. Mulhouse and related to Mulhouse what occurred before the Los Angeles grand jury. Notwithstanding Sebok's candid comments to the contrary ("I had no attorney." Tr. 35), the Court finds that the substance of Sebok's telephone conversation with Mulhouse after Sebok's appearance before the Los Angeles grand jury is protected by the attorney-client privilege. First, it is clear that Mulhouse was Sebok's attorney in connection with the New Jersey grand jury appearance. Second, when Sebok was subpoenaed to appear before the Los Angeles grand jury, Sebok telephoned Mulhouse to inform him of the subpoena. Mulhouse requested that Sebok "let him know what happens." After testifying before the grand jury, Sebok telephoned Mulhouse to "let him know what happen[ed]" before the grand jury. While Sebok did not articulate facts which would establish the privilege as well as he might have, it is clear that Sebok's telephone call to Mulhouse was confidential and related to Sebok's representation of Mulhouse concerning Sebok's appearance before the grand jury. Accordingly, plaintiffs' motion to compel answers to deposition questions Nos. 2, 3 and 8 are denied. Question No. 9, however, must be answered because it merely asks whether Sebok was in contact with Mulhouse in connection with the Los Angeles grand jury proceeding.

The remaining questions—Nos. 6, 7 and 10—must be answered by Sebok. Sebok refused to answer question No. 6 on the grounds that the question was "asked and answered." Sebok refused to answer question No. 7 on the grounds that it was repetitive and argumentative. Sebok refused to answer question No. 10 on the grounds that it was an "improper question." Under Rule 30(c) of the Federal Rules of Civil Procedure, it is impermissible for counsel to instruct a witness not to respond to a question absent a claim of privilege. *Coates v. Johnson and Johnson*, 85 F.R.D. 731, 733 (N.D.Ill.1980). "If counsel objects to a question, he should state his objection for the record and then allow the question to be answered subject to his objections." *Id.* This Court looks dimly at Sebok's counsel acting as both a lawyer making objections on behalf of the witness and as judge ruling on his own objections by instructing the witness not to answer. In the future, counsel should comply fully with the requirements of Rule 30.

It should be noted, however, that Sebok's objection to plaintiffs' "tag team" approach to taking depositions is not entirely without merit. In future depositions, one lawyer should question the witness on behalf of the plaintiff class. If lawyers

representing individual class members wish to question the witness further, they may ask questions only to the extent that their questions are not duplicative of prior, unambiguous questions by counsel for the plaintiff class. Should plaintiffs' counsel fail to adhere to the Court's admonishment, their future motions to compel answers to duplicative questions will be considered moot and appropriate sanctions may be imposed. *See In re Folding Carton Antitrust Litigation,* 83 F.R.D. 132, 134 (N.D. Ill.1979).

### CONCLUSION

Plaintiffs' motion to compel deposition testimony of Louis Sebok and for sanctions against Mr. Sebok and/or his counsel pursuant to Rule 37, F.R.C.P., is granted in part and denied in part. Louis Sebok is ordered to reappear for a deposition within 14 (fourteen) days of entry of this order and to answer, as numbered in plaintiffs' motion, deposition question Nos. 1, 4, 5, 6, 7, 9 and 10, as well as appropriate follow-up questions. Plaintiffs' motion to compel answers to deposition questions Nos. 2, 3 and 8 are denied. Plaintiffs' motion for sanctions is denied. Each side shall bear its own costs on this motion and on the redeposition of Sebok.

IT IS SO ORDERED.