**WISCONSIN CABLE INVESTORS LIMITED PARTNERSHIP, d/b/a Warner Cable Communications of Milwaukee, a Delaware Limited Partnership, Plaintiff,**

v.

**Richard GARDNER, d/b/a Radio Systems Company, Defendant.**

**Civ. A. No. 87–C–1360.**

United States District Court, E.D. Wisconsin.

Sept. 1, 1988.

David P. Lowe, Friebert, Finerty & St. John, Milwaukee, Wis., for plaintiff.

Michael E. McMorrow, Milwaukee, Wis., for defendant.

## ORDER

REYNOLDS, Senior District Judge.

Plaintiff brought the above-entitled action against defendant alleging that the defendant defrauded the plaintiff through the unauthorized sale of decoder equipment. Defendant has filed a counterclaim against the plaintiff alleging antitrust violations. Presently before the court is plaintiff's motion to dismiss defendant's counterclaim, plaintiff's motion to compel discovery, defendant's motion to defer ruling on plaintiff's motion to dismiss, and defendant's motion for sequestration of defendant's deposition testimony. The court will deny defendant's motion to defer ruling on plaintiff's motion to dismiss and will deny defendant's motion for sequestration. The court will give defendant two weeks from the date of this order to respond to plaintiff's pending motions.

Defendant was convicted in May, 1987 of criminal violation of the Cable Communications Policy Act, 47 U.S.C. § 553. Defendant has appealed his conviction to the Unit-

ed States Court of Appeals for the Seventh Circuit. Oral Argument was scheduled for May, 1988, and the appeal is apparently still pending. Defendant has stated that if his conviction is affirmed, defendant will voluntarily dismiss his counterclaim against the plaintiff. Although the Court of Appeals decision may make plaintiff's motion to dismiss moot, this fact alone does not justify this court defering ruling on plaintiff's motion to dismiss. Defendant's motion to defer will therefore be denied.

Defendant has also moved this court for an order sequestering his deposition testimony. This court will construe the motion as one for a protective order sealing defendant's deposition. Defendant appeared for a deposition in this action and invoked his Fifth Amendment right against self-incrimination in response to several of the questions asked. Defendant seeks to have his deposition sealed to keep it from the United States Attorney's Office in the event of a retrial in his criminal case. The time for filing a motion to seal a deposition is appropriate before the deposition commences. This court need not determine whether defendant has presented valid reasons for sealing his deposition because, by appearing for the deposition without objection, defendant has effectively waived any right he had to limit the deposition's use. *Coates v. Johnson and Johnson*, 85 F.R.D. 731, 733 (N.D.Ill.1980). The motion to seal the deposition will be denied.

Plaintiff has filed a motion to compel the defendant to respond to the questions defendant did not answer during his deposition. Plaintiff contends that defendant has waived his Fifth Amendment right against self-incrimination. Defendant has not responded to this motion. If the court grants plaintiff's motion to compel, the result could seriously affect any retrial in defendant's criminal case. For this reason, the court will give defendant two weeks from the date of this order to respond to this motion.

IT IS ORDERED that defendant's motion to defer ruling on plaintiff's motion to dismiss, and defendant's motion to sequester defendant's deposition testimony are denied.

IT IS FURTHER ORDERED that defendant shall have two weeks from the date of this order to serve and file a response to plaintiff's motion to dismiss and motion to compel. If defendant fails to file a response, defendant's right to respond will be deemed waived.